THE STATE, EX REL. RICE, APPELLANT, *v.* McGRATH, JUDGE, APPELLEE.

[Cite as *State, ex rel. Rice, v. McGrath* (1991), 62 Ohio St.3d 70.]

(No. 90–382—Submitted June 26, 1991—Decided October 9, 1991.)

*Crede Calhoun,* for appellant.

*Stephanie Tubbs Jones,* Prosecuting Attorney, and *Jerome E. Dowling,* for appellee.

*Per Curiam.* "For a writ of prohibition to issue the relator must establish that (1) the court or officer against whom the writ is sought is about to exercise judicial or quasi-judicial authority, (2) the authority is unauthorized by law, and (3) denying the writ will result in injury for which no other adequate remedy exists in the ordinary course of law. *State, ex rel. Tollis, v. Court of Appeals* (1988), 40 Ohio St.3d 145, 147, 532 N.E.2d 727, 729." *State, ex rel. Carriger, v. Galion* (1990), 53 Ohio St.3d 250, 560 N.E.2d 194, 195.

Under *Zakany v. Zakany* (1984), 9 Ohio St.3d 192, 9 OBR 505, 459 N.E.2d 870, syllabus, a court has statutory and inherent powers " * * * to punish the disobedience of its orders with contempt proceedings." Moreover, under *Manrow v. Court of Common Pleas of Lucas Cty.* (1985), 20 Ohio St.3d 37, 20 OBR 37, 485 N.E.2d 713, appealing a contempt order, pursuant to R.C. 2705.09, is an adequate remedy at law which will result in denial of the writ.

However, according to *Ohio Dept. of Adm. Serv., Office of Collective Bargaining v. State Emp. Relations Bd.* (1990), 54 Ohio St.3d 48, 562 N.E.2d 125, syllabus:

"When a court patently and unambiguously lacks jurisdiction to consider a matter, a writ of prohibition will issue to prevent assumption of jurisdiction regardless of whether the lower court has ruled on the question of its jurisdiction." (Citations omitted.)

Furthermore, in *State, ex rel. Easterday, v. Zieba* (1991), 58 Ohio St.3d 251, 569 N.E.2d 1028, we held that a judge loses his authority to proceed in a matter when he unconditionally dismisses it. Thus, such judge is without jurisdiction whatsoever to act, and a writ will issue to prohibit him from taking any further action in the case.

Based upon the above authority, McGrath, having unconditionally dismissed the underlying case, patently and unambiguously lacked jurisdiction over it. Accordingly, we reverse the judgment of the court of appeals and allow the writ.

*Judgment reversed*
*and writ allowed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.