**HILL, Appellant,**

v.

**BRIGGS et al., Appellees.**

[Cite as *Hill v. Briggs* (1996), 111 Ohio App.3d 405.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 95APE12–1614.

Decided May 30, 1996.

*Law Office of Ambrose Moses III* and *Ambrose Moses III*, for appellant.

*Lane, Alton & Horst* and *Rick E. Marsh,* for appellees Aleithra, William and Mary K. Briggs.

*Wiles, Doucher, Van Buren & Boyle* and *Thomas E. Boyle,* for intervening defendant, Allstate Insurance Co.

*Crabbe, Brown, Jones, Potts & Schmidt, Theodore D. Sawyer* and *Lynne K. Schoenling,* for appellee Debra Miller.

*Crabbe, Brown, Jones, Potts & Schmidt* and *Vincent J. Lodico,* for appellees James, Brenda, and James Houston Stanforth.

*Reminger & Reminger* and *Warren M. Enders,* for appellee Vikram Shanbhag.

---

GREY, Judge.

Appellant, Emery Hill, brought an action which involved several defendants and several claims. In this action, she was represented by attorney Mark Foley of the firm of Cloppert, Portman, Sauter, Latanick & Foley. The defendants were represented by various counsel who also represented insurance companies. Foley and defense counsel entered into a settlement agreement whereby each of the defendants and their insurers would contribute to a joint settlement amount.

They advised the trial court of the settlement, and on September 22, 1994, the court put on an entry noting the settlement and directing the parties to put on a final entry of dismissal. When the entry of settlement and dismissal was not forthcoming from counsel, the trial court put on an entry on November 10, 1994, pursuant to Loc.R. 25.03, dismissing the case at plaintiff's costs.

The matter was not settled because Hill refused to execute the settlement documents, asserting that she did not agree and that Foley had no authority to accept the settlement on her behalf. Defendant Aleithra Briggs filed a motion to set aside the entry of dismissal and to enforce the settlement. The other defendants supported this motion. Hill objected to the motion on jurisdictional grounds and also sought a writ of prohibition which was denied.

The trial court granted the motion to set aside the dismissal entry and proceeded to conduct a hearing on whether a settlement had actually been reached. Foley testified that he had authority from his client to settle, but Hill's testimony was directly contradictory, *i.e.*, that Foley had no authority to settle the case. After the hearing and posthearing memoranda, the trial court issued a decision which found that Foley did, in fact, have the authority to settle. The court granted the motion to enforce the settlement and to dismiss this cause with prejudice.

From that entry, Hill appeals designating two assignments of error. Hill's first assignment of error provides as follows:

"The Trial Court Erred to the Prejudice of Plaintiff by Granting Defendants' Motion to Set Aside Entry of November 10, 1994 and to Enforce Settlement Because the Trial Court Had No Jurisdiction After the Case Was Unconditionally Dismissed by the Journal Entry of Dismissal of November 10, 1994."

█ Appellant asserts that the entry of November 10, 1994, was an unconditional entry of dismissal, and that once a trial court has unconditionally dismissed an action, it lacks jurisdiction to take any further action in the matter. This is a correct statement of the law—unconditional dismissal results in the loss of jurisdiction. In *State ex rel. Rice v. McGrath* (1991), 62 Ohio St.3d 70, 71, 577 N.E.2d 1100, 1101–1102, the Supreme Court of Ohio stated that a judge loses his authority to proceed and lacks jurisdiction over an action which he has "patently" and "unconditionally" dismissed. The words patently, unambiguously, and unconditionally were also used in *State ex rel. Hunt v. Thompson* (1992), 63 Ohio St.3d 182, 586 N.E.2d 107, and *Ohio Dept. of Adm. Serv., Office of Collective Bargaining v. State Emp. Relations Bd.* (1990), 54 Ohio St.3d 48, 562 N.E.2d 125.

Appellant also relies on this court's recent holding in *Baybutt v. Tice* (Dec. 5, 1995), Franklin App. Nos. 95APE06–829 and 95APE08–1106, unreported, 1995

WL 723688. In *Baybutt,* the court followed that well-established rule regarding unconditional dismissals, finding:

"On February 10, 1994, the parties *resolved their lawsuit* and *executed a settlement agreement.* On February 11, 1994, the trial court journalized a 'DISMISSAL ENTRY' which stated, in full: 'The within action is hereby settled and dismissed with prejudice. Costs paid.' * * * " (Emphasis added.)

In the *Baybutt* opinion, this court noted that there is a distinction between conditional and unconditional dismissals. The majority opinion discussed the decision in *Estate of Berger v. Riddle* (Aug. 18, 1994), Cuyahoga App. Nos. 66195 and 66200, unreported, 1994 WL 449397. In *Berger,* the Eighth District Court of Appeals held that when an action is dismissed pursuant to a stated condition, such as the existence of a settlement agreement, the trial court retains jurisdiction if that condition does not occur. The *Berger* decision also held that if a factual dispute arises about the existence or terms of the settlement agreement, an evidentiary hearing on the dispute is in order. The concurring opinion in *Baybutt* noted that this court has been more conservative than the Eighth District Court of Appeals in deciding what constitutes a conditional dismissal and suggested that the language of the entry in *Berger* ought to have been construed as an unconditional dismissal, but concurred with the finding of the majority that the dismissal entry in *Baybutt* was unquestionably an unconditional dismissal.

The parties in this case advised the court that the matter had been settled and the court put on an entry on September 22, 1994 directing them to submit a final entry by October 11, 1994. No entry was submitted, so the court put on its own entry under Loc.R. 25.03. Loc.R. 25.03 says that counsel shall promptly submit an entry of dismissal following settlement, but if they don't, the court may order the case dismissed for want of prosecution. The purpose of the rule is clear. Too often a case will be settled, checks sent, releases executed, and the files closed without anyone bothering to dismiss the case which is still open on the court's docket. In such a case, a routine Loc.R. 25.03 entry of dismissal would constitute a final and unconditional dismissal in the case.

In the case before us, however, there was a question on whether the matter was actually settled and, thus, we find that the court had jurisdiction to consider a motion to vacate its Loc.R. 25.03 dismissal.

Civ.R. 60(B) provides:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore

denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation.

"The procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules."

■■ A motion for relief from judgment pursuant to Civ.R. 60(B) is addressed to the sound discretion of the trial court, and that court's ruling will not be disturbed on appeal absent a showing of an abuse of discretion. *Griffey v. Rajan* (1987), 33 Ohio St.3d 75, 77, 514 N.E.2d 1122, 1123–1124; *Moore v. Emmanuel Family Training Ctr.* (1985), 18 Ohio St.3d 64, 66, 18 OBR 96, 98–99, 479 N.E.2d 879, 882. An abuse of discretion involves more than an error of judgment; it connotes an attitude on the part of the court that is unreasonable, unconscionable, or arbitrary. *Franklin Cty. Sheriff's Dept. v. State Emp. Relations Bd.* (1992), 63 Ohio St.3d 498, 506, 589 N.E.2d 24, 30–31; *Wilmington Steel Products, Inc. v. Cleve. Elec. Illum. Co.* (1991), 60 Ohio St.3d 120, 122, 573 N.E.2d 622, 624–625.

■ When applying the abuse-of-discretion standard, a reviewing court is not free to merely substitute its judgment for that of the trial court. *In re Jane Doe 1* (1991), 57 Ohio St.3d 135, 138, 566 N.E.2d 1181, 1184–1185, citing *Berk v. Matthews* (1990), 53 Ohio St.3d 161, 169, 559 N.E.2d 1301, 1308–1309.

■ In this case there were several Civ.R. 60(B) grounds for granting relief from the Loc.R. 25.03 entry of dismissal. There were questions on whether Foley was mistaken about the extent of his authority and surprise when defendants discovered the settlement documents would not be executed by Hill. Appellant's position here is quite ambiguous. Appellant argues that she did not authorize a settlement, yet insists that the dismissal entry is valid even though the parties were mistaken when they told the court that the matter had been settled and even though the court was mistaken when it put on an entry which said the matter had been settled.

While appellant seems unconcerned by the entry of dismissal for want of prosecution under Loc.R. 25.03, this court is concerned about establishing a precedent on the facts as alleged by appellant. If appellant's allegations were true, hypothetically a plaintiff's counsel could, in conjunction with defendant's

counsel, mistakenly settle a case and have it dismissed. If, as appellant argues to this court, appellees in this case have no right to Civ.R. 60(B) relief, this hypothetical plaintiff would have no right to Civ.R. 60(B) relief either. We are disinclined to establish such a rule. An entry, particularly a final entry, ought to reflect what has actually transpired in the case. If an entry does not reflect what actually happened in the case, then the court has the right, and even the duty, to vacate the erroneous entry and put on a correct one.

Based on the foregoing, we find that the trial court had jurisdiction to consider the motion to vacate the Loc.R. 25.03 dismissal entry. Assignment of error number one is not well taken and is overruled.

■ If a party files a motion for relief from judgment and it contains allegations of operative facts which would warrant relief under Civ.R. 60(B), the trial court should grant a hearing to take evidence and verify those facts before it rules on the motion. *Coulson v. Coulson* (1983), 5 Ohio St.3d 12, 16, 5 OBR 73, 76–77, 448 N.E.2d 809, 812–813. In other words, the movant is entitled to an evidentiary hearing where the Civ.R. 60(B) motion for relief from judgment and attached evidentiary material contain allegations of operative facts, which would warrant relief under Civ.R. 60(B). *In re Shell* (Oct. 2, 1992), Fairfield App. No. 12–CA–92, unreported, 1992 WL 307869, citing *Twinsburg Banking Co. v. RHEA Constr. Co.* (1983), 9 Ohio App.3d 39, 9 OBR 41, 458 N.E.2d 440.

The trial court in this case did conduct a hearing and its decision based on the evidence presented at that hearing gives rise to appellant's second assignment of error:

"The Trial Court Erred to the Prejudice of Plaintiff by Granting Defendants' Motion to Enforce Settlement When the Defendants, as a Matter of Law, Failed to Prove by a Preponderance of the Evidence the Elements of a Contract, Including Offer, Acceptance, Consideration and Mutual Assent Between Two Parties With Legal Capacity to act, Both as to the Existence of the Contract and as to its Terms."

The testimony at the hearing was not merely conflicting but directly contradictory. The trial court could have believed Hill or it could have believed Foley, but not both. The trial court found that Foley had the authority to settle the matter and granted enforcement of the settlement agreement.

"The choice between credible witnesses and their conflicting testimony rests solely with the finder of fact and an appellate court may not substitute its own judgment for that finder of fact." *State v. Awan* (1986), 22 Ohio St.3d 120, 123, 22 OBR 199, 202, 489 N.E.2d 277, 280. The fact finder is free to believe all, part, or none of the testimony of each witness who appears before it. *State v. Caldwell* (1992), 79 Ohio App.3d 667, 679, 607 N.E.2d 1096, 1104–1105; *State v. Harriston*

(1989), 63 Ohio App.3d 58, 63, 577 N.E.2d 1144, 1147–1148. The court below was in a much better position than this court to view the witnesses, to observe their demeanor, gestures and voice inflections, and to weigh their credibility. See *Seasons Coal Co. v. Cleveland* (1984), 10 Ohio St.3d 77, 80, 10 OBR 408, 410–411, 461 N.E.2d 1273, 1276–1277. Evidence based on assessing witness credibility is an issue for the trier of fact. *State v. Rojas* (1992), 64 Ohio St.3d 131, 139, 592 N.E.2d 1376, 1384; *State v. Tyler* (1990), 50 Ohio St.3d 24, 32, 553 N.E.2d 576, 587–588; *State v. DeHass* (1967), 10 Ohio St.2d 230, 39 O.O.2d 366, 227 N.E.2d 212, paragraph one of the syllabus.

The court apparently found Foley to be more credible, but appellant, making what is basically a weight of the evidence argument, claims that this does not meet the preponderance of the evidence standard.

■ Judgments supported by some competent, credible evidence going to all the elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence. *Masitto v. Masitto* (1986), 22 Ohio St.3d 63, 22 OBR 81, 488 N.E.2d 857. We are bound to accept the trial court's findings of fact if they are supported by competent, credible evidence. *State v. Schiebel* (1990), 55 Ohio St.3d 71, 564 N.E.2d 54.

■ When a party asserts that the finding is against the manifest weight of the evidence, he must demonstrate that the evidence could lead to only one conclusion and that conclusion is contrary to the judgment. When addressing the sufficiency of the evidence, the focus is all of the evidence presented by either party. Reversible error occurs when there is insufficient evidence to sustain the judgment or when the evidence for the judgment is so substantially outweighed by all the evidence contrary, that the judgment cannot be reasonably sustained.

■ Although their versions of events were contradictory, if one believes Foley and disbelieves Hill, as the trial court did, the judgment cannot only be reasonably sustained, it is mandated by the evidence.

Assignment of error number two is not well taken and is overruled.

Having overruled appellant's two assignments of error, the judgment of the trial court is affirmed.

*Judgment affirmed.*

TYACK and CLOSE, JJ., concur.

LAWRENCE GREY, J., retired, of the Fourth Appellate District, sitting by assignment.