OPINION
Appellant, Ravenna Savings Bank (Ravenna), appeals a Nunc ProTunc Judgment Entry from the Court of Common Pleas of Marion County, entered November 22, 1996.
On June 5, 1996, upon report of settlement of all claims, the trial court entered judgment dismissing the complaint and all counterclaims as follows:
 This day came the parties and advised the Court that the within cause has been settled.
 IT IS THEREFORE ORDERED that the complaint and parties' respective counterclaims be and hereby are dismissed with prejudice.
 IT IS FURTHER ORDERED that costs be assessed equally to the plaintiff and defendants, Ravenna Savings Bank and Barret (sic) Mortgage Services.
s/ JUDGE WILLIAM WIEDEMANN
All counsel appear to have acknowledged and approved of the form of this entry. On November 22, 1996, upon Showcase's motion to enforce judgment, the trial court entered, nunc pro tunc, an entry purporting to recite the terms of the settlement for which the cause was dismissed.
 I.
Ravenna raises one assignment of error.
 The trial court's decision and entry filed November 22, 1996 is an invalid nunc pro tunc judgment entry and is unenforceable as a matter of law.
In support of its assignment, Ravenna claims the nunc protunc entry does not set forth the actual agreement of the parties, but improperly expands the terms and conditions of their settlement agreement.
The November 22, 1996 nunc pro tunc order sets forth in great detail the terms of a settlement agreement between the parties. The court ordered each of the three defendants to pay, in a specific fashion, a portion of $41,000 to Showcase. However, the June 5, 1996 order is silent as to the terms of the settlement. The only mention of settlement in the original order was the court's recognition that "the parties . . . advised the Court that the within cause has been settled." This language does not condition the dismissal. Rather, it merely explains why the dismissal is being entered.
The purpose of a nunc pro tunc order to correct the record, to explain now for then judicial action actually taken at some prior time, but mistakenly omitted or recited by the original entry. A nunc pro tunc order may not render a judgment or modify a judgment never made in the first instance. McKay v. McKay
(1985), 24 Ohio App.3d 74, 75, 493 N.E.2d 317. Such order may only "record judicial action previously and actually taken."State v. Breedlove (1988), 46 Ohio App.3d 78, 81, 546 N.E.2d 420,423.
Showcase explains that the nunc pro tunc entry was prompted by their "Motion to Enforce the Settlement Agreement." However, this explanation does nothing to support the validity of such order. The record discloses no reference to a settlement agreement or to any settlement terms adopted by the June 5, 1996 order. Accordingly, the November 22, 1996 entry, which purports to explain "now for then" what was actually ordered on June 5, 1996, appears instead to order "now for now." Because, a nunc protunc order may not create a new judgment, the November 22, 1996 order is an invalid order and must be vacated. McKay, 24 Ohio App.3d 74,75, 493 N.E.2d 317.
Showcase argues, in the alternative, that if we find the form of the November 22, 1996 nunc pro tunc entry to be invalid, we should nonetheless affirm the substance of the order which enforces a settlement agreement actually made before the court. We decline to do so.
The Ohio Supreme Court has held "a judge loses his authority to proceed in a matter when he unconditionally dismisses it."State ex rel Rice v. McGrath (1991), 62 Ohio St.3d 70, 71,577 N.E.2d 1100, 1101; see also, Hill v. Briggs (1996), 111 Ohio App.3d 405,676 N.E.2d 547, appeal not allowed, 77 Ohio St.3d 1469,673 N.E.2d 135; and Baybutt v. Tice (Dec. 5, 1995), Franklin App. Nos. 95APE06-829 and 95APE08-1106, unreported.
Whether a dismissal is unconditional depends on the terms of such order. In Briggs, the Tenth District Court of Appeals reviewed an entry which acknowledged the parties had settled, but ordered the parties to cause a final entry of dismissal to be filed within twenty days of the entry. Briggs, 111 Ohio App.3d 405,676 N.E.2d 1100. There, the court found the entry was a conditional entry of dismissal which allowed the trial court to retain jurisdiction over the matter. Id. The court inBriggs also cited approvingly their decision in Baybutt, in which the Tenth District court found an entry of dismissal to be unconditional. Baybutt (Dec. 5, 1995), Franklin App. Nos. 95APE06-829 and 95APE08-1106, unreported. In Baybutt, the entry stated in full "[t]he within action is hereby settled anddismissed with prejudice. Costs paid." Id. at ___ . The court reasoned that such an entry was an unconditional dismissal, divesting the court of further jurisdiction to enter an order enforcing a settlement never placed in the record. Id.
Similarly, the dismissal entry here states, "the parties . . . advised the Court that the within cause has been settled." The entry then ordered that the complaint and counterclaims "be and hereby are dismissed with prejudice" and "costs be assessed." The entry contained no conditions or further orders. Accordingly, this action was terminated once the unconditional dismissal was journalized. Therefore, the trial court was without jurisdiction to make any further orders concerning a settlement of a case no longer before it. Baybutt, supra.
It should be noted, a trial court may enter orders subsequent to an order of dismissal, for example, to aid the execution of a judgment or to relieve one from final judgment under Civ. R. 60(B). The original judgment herein, however, left no judgment creditor. Further, Showcase did not seek relief from the June 5, 1996 judgment, but sought to enforce it. The only terms from the June 5, 1996 order which could be enforced were dismissal with prejudice and assessment of costs.
Ravenna's sole assignment of error is well taken. The Judgment of the Common Pleas Court of Marion County entered November 22, 1996 is reversed and vacated, and the cause is remanded to that court for execution on costs.
Judgment reversed and vacated, cause remanded.
EVANS and HADLEY, JJ., concur.