[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This cause came on to be considered upon relator's petition for a writ of prohibition, an answer and motion for summary judgment filed by the respondent, and the relator's memorandum in opposition to the motion for summary judgment.
Relator Jerome D. Fagel, Jr. seeks a writ of prohibition against respondent Judge John P. O'Connor. Fagel contends that Judge O'Connor is without jurisdiction to issue any entries or orders in execution of a settlement agreement, because the consolidated cases in question were dismissed pursuant to Civ.R. 41(A).
A writ of prohibition is an extraordinary remedy that is granted in limited circumstances with great caution and restraint.[1] For a writ of prohibition to be granted, the relator must prove that (1) a lower court is about to exercise judicial power, (2) the exercise of power is unauthorized by law, and (3) the relator possesses no other adequate remedy of law.[2] A writ of prohibition will not issue unless the lower court patently and unambiguously lacks jurisdiction to proceed.[3] A court having general jurisdiction of the subject matter of an action has the authority to determine its own jurisdiction, and an adequate remedy at law via appeal exists to challenge any adverse jurisdictional decision.[4] The Ohio Supreme Court has stated that a trial court loses its authority to proceed, and thus lacks jurisdiction, over an action that it has unconditionally dismissed.[5] Whether a dismissal is unconditional depends on the terms of the court's order.[6] When an action is dismissed pursuant to a stated condition, such as the existence of a settlement agreement, the court retains the authority to enforce such an agreement in the event that the agreement is not carried out.[7]
The dismissal entry, in this case, states, "This Judgment Entry of Dismissal is entered into by and between the Parties hereto in accordance with the terms of the Settlement Agreement dated 17th day of January, 1998, which is attached hereto and marked "Exhibit A" and incorporated herein by reference." The settlement agreement reads, "Now, therefore, in consideration for the mutual covenants herein contained, and for the payment of Twenty-five Thousand Dollars ($25,000.00) to be paid by Fagel t[o] Schuholz, * * * and for the additional consideration of Seventy-five Thousand Dollars ($75,000.00) per year for each of the next five (5) years with the first payment being due on January 15, 1999, and again on that same date in each subsequent year to be paid by Fagel to Schuholz * * *. Should Fagel default on any term or obligation * * * Schuholz shall have the right and power to immediately accelerate the amounts due and Schuholz shall also have the right and power to garnish Fagel's wages and income and immediately execute upon this Judgment." Relying upon this language, respondent contends that there was a retention of jurisdiction because the dismissal was conditional.
To obtain a summary judgment pursuant to Civ.R. 56(C), respondent has the burden to demonstrate that (1) there is no genuine issue of material fact, (2) it is entitled to judgment as a matter of law, and (3) after construing the evidence most favorably for Fagel, reasonable minds can only reach a conclusion adverse to him.[8]
In light of the wording of the agreed judgment entry of dismissal incorporating by reference the settlement agreement, as well as the terms of the settlement agreement itself, the dismissal of the underlying action was conditional,[9] and the respondent retained jurisdiction to enforce the settlement agreement. A writ of prohibition cannot issue under these circumstances.
Accordingly, the respondent's motion for summary judgment is granted, and the relator's petition for a writ of prohibition is denied.
Gorman, P.J., Sundermann and Winkler, JJ.
[1] See State ex rel. Corn v. Russo (2001), 90 Ohio St.3d 551, 554,740 N.E.2d 265, 268, citing State ex rel. Henry v. Britt (1981),67 Ohio St.2d 71, 73, 424 N.E.2d 297, 298-299.
[2] See State ex rel. Corn v. Russo, 90 Ohio St.3d at 554,740 N.E.2d at 268, citing State ex rel. Tollis v. Cuyahoga Cty Courtof Appeals (1988), 40 Ohio St.3d 145, 147, 532 N.E.2d 727, 729.
[3] See Ohio Dept. Of Adm. Serv., Office of Collective Bargaining v.State Emp. Relations Bd. (1990), 54 Ohio St.3d 48, 562 N.E.2d 125, syllabus.
[4] See State ex rel. Pearson v. Moore (1990), 48 Ohio St.3d 37,38, 548 N.E.2d 945, 946.
[5] See State ex rel. Rice v. McGrath (1991), 62 Ohio St.3d 70,71, 577 N.E.2d 1100, 1101.
[6] See Showcase Homes, Inc. v. The Ravenna Savings Bank (1998),126 Ohio App.3d 328, 331, 710 N.E.2d 347, 349.
[7] See State ex rel. Continental Mortgage Services, Inc. v.Kilbane-Koch (Jan. 4, 1999), Cuyahoga App. No. 75267, unreported.
[8] See Zivich v. Mentor Soccer Club, Inc. (1998), 82 Ohio St.3d 367,369-370, 696 N.E.2d 201, 204, citing Horton v. Harwick Chemical Corp.
(1995), 73 Ohio St.3d 679, 653 N.E.2d 1196, paragraph three of the syllabus.
[9] See Cinnamon Woods Condominium Assn. v. DiVito (Feb. 3, 2000), Cuyahoga App. No. 76903, unreported, (unconditional dismissal where no notice that dismissal resulted from a settlement and settlement agreement was not incorporated in the final journal entry); Hart v. Smolak (Sept. 5, 1995), Franklin App. No. 94APE12-1808, unreported (journal entry without adoption of settlement agreement was unconditional dismissal).