This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Vincent Faverty, appeals from the judgment of the Summit County Court of Common Pleas, Domestic Relations Division, that entered a judgment of divorce. We reverse.
On July 25, 2000, Appellant filed a complaint for divorce against Appellee, Marcene Faverty. Appellee answered and filed a counterclaim for divorce. Subsequently, on August 14, 2001, the trial court dismissed the case due to counsel's failure to file a final judgment entry. In response to the trial court's dismissal, Appellee moved to reinstate the case.[1]
On September 5, 2001, the trial court entered a decree of divorce in favor of Appellee. Appellant timely appeals raising one assignment of error for review.
 ASSIGNMENT OF ERROR The Summit [C]ounty Domestic Relations Court erred in entering a [j]udgment [e]ntry [d]ecree of [d]ivorce [on] September 5, 2001, after entering a [j]udgment [e]ntry 
for [d]ismissal on August 14, 2001.
In his sole assignment of error, Appellant avers that the trial court erred in entering a decree of divorce following its dismissal of the case. We agree.
In the present case, the trial court dismissed the cause of action on August 14, 2001. Thereafter, on September 5, 2001, the trial court entered the decree of divorce. When a trial court dismisses an action, it no longer retains jurisdiction and, therefore, loses the authority to proceed in the action. State ex rel. Rice v. McGrath (1991),62 Ohio St.3d 70, 71. Accordingly, we find that when the trial court dismissed the cause of action, it no longer retained jurisdiction and it lost its authority to enter the decree of divorce. Therefore, Appellant's sole assignment of error is sustained.
Appellant's assignment of error is sustained. The judgment of the Summit County Court of Common Pleas, Domestic Relations Division, is reversed.
Judgment reversed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellee.
Exceptions.
BAIRD, J., BATCHELDER, J. CONCUR
[1] The record indicates that the trial court did not rule on Appellee's motion to reinstate the case.