DECISION
This is an appeal by plaintiff, The Cambodian Buddhist Society, Inc., from a judgment of the Franklin County Court of Common Pleas, determining the existence of a settlement agreement between plaintiff and defendants, and granting defendants' motion to enforce the agreement.
On June 15, 1995, plaintiff filed a complaint in the Franklin County Court of Common Pleas (common pleas case No. 95CVH06-4095), naming as defendants Yan Ke and "John Doe." In the complaint, plaintiff alleged that it was a nonprofit corporation owning real estate in Franklin County, and that four individuals, Saravoan Thach, Pauv Thip, Kak Mam, and Oeum Uk, were duly elected and acting trustees of plaintiff. Plaintiff alleged that defendant Yan Ke, who claims to be president of plaintiff, filed an eviction complaint in the Franklin County Municipal Court on June 1, 1995, against Lim Bun Thoeun. Plaintiff requested that the trial court declare and determine the identity of the members, trustees and officers of plaintiff, and plaintiff also requested that the court declare and determine that plaintiff had not authorized defendants' eviction case.
On October 30, 1995, four members of the Cambodian Buddhist Society, Inc., Sarin Long, Sovann B. Hem, Sarin Yin and Nguon H. Taing, filed a motion to intervene, which the trial court subsequently granted. Intervenors filed an answer and cross-claim, alleging in the cross-claim that they are voting members within the meaning of the regulations of plaintiff, as well as duly elected officers, directors and/or trustees of the corporation. Intervenors alleged that Yan Ke was not the president of plaintiff, and that he had no authority to act on behalf of the corporation. Intervenors also filed with the trial court a motion to consolidate the case with another case (common pleas case No. 95CVH10-7465) that had been transferred to the Franklin County Court of Common Pleas from the Franklin County Municipal Court, styled as Cambodian Bud[d]hist Society, Inc. v. Lim Bun Thoeun, et al. In that case, Yan Ke, as president of the Cambodian Buddhist Society, Inc., had initially filed a complaint in the Franklin County Municipal Court on June 1, 1995, naming as defendants Lim Bun Thoeun "and all other occupants," alleging that defendants had unlawfully and forcibly detained plaintiff from the premises located at 2620 Alum Creek Drive. The trial court granted intervenors' motion to consolidate the cases.
On April 22, 1996, the trial court granted a motion by plaintiff for leave to add Savoeum Hung as a party defendant in substitution for "John Doe" named in the original complaint in case No. 95CVH06-4095. The court also granted plaintiff's motion for leave to add Dutch Thach as a party defendant. Finally, the court granted a motion filed by Khim Sok and Ssanh Sok to intervene as additional plaintiffs.
On November 7, 1996, the trial court filed an entry, stating in part that counsel had notified the court "that the within cause of action has been settled," and directing counsel to prepare an appropriate entry for the court's approval. The entry further provided that:
 If the parties are unable to submit an entry within 30-40 days, the parties shall notify the court, in writing, as to the cause of such delay so as to prevent dismissal.
 If such an entry is filed by the court, the parties may subsequently submit an amended agreed entry reflecting the terms of the settlement and/or dismissal.
On November 7, 1996, the parties prepared an agreed entry regarding an election to be conducted on December 1, 1996. The parties signed a formalized agreed order and entry on December 11, 1996 (and filed by the trial court on December 20, 1996), providing that plaintiff, on December 1, 1996, "shall hold an election to its board of trustees, and shall thereupon elect seven trustees as and for the new board of trustees." The entry stated the manner in which the results were to be determined, and provided that the results "shall be promptly filed with the Clerk of this Court." Further, all parties were directed to turn over to the newly elected board of trustees, following the election, "any and all funds belonging to the Cambodian Buddhist Society, Inc., and each party, upon request * * * shall provide a full accounting as to any and all such funds." Finally, the entry provided that, upon conclusion of the election and certification of the results, "the undersigned counsel shall prepare and present an ORDER dismissing this action."
On December 30, 1996, plaintiff filed a "notice of results of meeting held on December 1, 1996." The notice set forth a list of trustees elected by the members. On July 3, 1997, plaintiff filed a motion to find defendants in contempt of the agreed order dated December 11, 1996. In the accompanying memorandum, plaintiff con-tended that the current board of trustees had been unable to obtain the books and records of the corporation and a complete accounting of a bank account, and plaintiff further argued that defendants had failed or refused to provide this information to plaintiff upon request.
On July 24, 1997, the trial court filed an agreed order and entry of dismissal. The entry provided in part that "[t]his cause came on for consideration upon the agreement of the parties, through counsel, that the election to the Board of Trustees of the Cambodian Buddhist Society, Inc.," was duly held pursuant to the previous agreement of the parties. The entry listed the persons "having been duly elected and now constituting the Board of Trustees of the Cambodian Buddhist Society, Inc.," and the court's entry further provided "that this cause be and the same is hereby DISMISSED."
By order of reference filed September 5, 1997, the matter was referred to a magistrate for a contempt hearing. On December 29, 1997, plaintiff filed a motion for a protective order. The magistrate filed a pretrial order on January 23, 1998, sustaining in part plaintiff's motion for a protective order. The magistrate's order further stated in part that "[c]ounsel, with or without this Magistrate's assistance, shall further explore possible non-litigated resolutions of this and related disputes."
On January 30, 1998, the magistrate filed an order stating that "the January 27, 1998 hearing date was converted to a settlement conference" at the joint request of all counsel. The order indicated that the parties had made "significant progress toward a global resolution in extended discussions with their respective counsel, and between counsel and this Magistrate." Further, the order stated that the talks were recessed to allow one side to obtain additional information, and that the magistrate "will meet further with counsel in the near future in an effort to culminate the settlement."
On September 8, 1998, the magistrate issued an order and notice of hearing. In the order, the magistrate noted "for the record information obtained from counsel which indicates that the parties have reached a comprehensive settlement of all issues." However, the magistrate further noted "information that the final settlement documents have not been executed and the final transfer of the subject property has not occurred." The magistrate gave notice of a hearing on October 23, 1998 "to consider whether the Court should enter judgment consistent with the settlement terms, and whether some form of sanction should issue for the delay in this matter."
Following the hearing on October 23, 1998, the magistrate issued an order, filed October 26, 1998, granting both sides leave until October 30, 1998 "to file any and all motions regarding the existence or non-existence of a settlement in this case." The order further encouraged counsel to "continue their negotiations outside of court during this time span." On October 27, 1998, plaintiff filed a notice of dismissal of its motion to find defendants in contempt of the December 11, 1996 order and entry.
On October 30, 1998, defendants filed a motion to "enforce settlement agreement." On November 13, 1998, plaintiff filed a memorandum contra defendants' motion to enforce settlement agreement. By entry filed December 17, 1998, the trial court denied defendants' motion to enforce settlement agreement. Defendants filed a notice of appeal from the trial court's entry denying the motion to enforce settlement, and this court dismissed defendants' appeal for lack of a final appealable order.
On October 4, 1999, defendants filed a motion, pursuant to Civ.R. 54(B), requesting the trial court to reconsider and vacate its entry denying defendants' motion to enforce settlement agreement, and to conduct an evidentiary hearing to determine the existence of a settlement agreement. Plaintiff filed a memorandum in opposition to defendants' motion. By entry filed January 10, 2001, the trial court vacated its order of December 17, 1998, denying defendants' motion to enforce settlement agreement, and the court further ordered that an evidentiary hearing be conducted on the motion to enforce settlement agreement.
The matter came for hearing before the trial court on February 26, 2001. The trial court filed an entry on June 12, 2001, determining the existence of a settlement agreement between the parties and granting defendants' motion to enforce settlement agreement.
On appeal, plaintiff sets forth the following six assignments of error for review:
 I. THE COURT ERRED IN FINDING THAT THERE WAS AN IN-COURT SETTLEMENT ENTERED INTO THE RECORD, AND THAT THE STATUTE OF FRAUDS DOES NOT APPLY TO SETTLEMENTS.
 II. THE TRIAL COURT ERRED IN FINDING THAT A CONTRACT SETTLEMENT HAD BEEN ENTERED INTO.
 III. THE TRIAL COURT ERRED IN FINDING THAT THE DOCUMENT ATTACHED TO THE JUNE 12, 2001 ENTRY (PLAINTIFF'S EX. 1) MEMORIALIZED THE TERMS OF THE SETTLEMENT AGREEMENT, AND BY UNILATERALLY TERMINATING SOME OF THE TERMS OF THE ALLEGED SETTLEMENT AGREEMENT.
 IV. THE TRIAL COURT ERRED IN REFUSING TO ISSUE SEPARATE FINDINGS OF FACT AND CONCLUSIONS OF LAW.
 V. THE TRIAL COURT ENTRIES OF JUNE 12, 2001, AND JUNE 29, 2001, ARE VOID AB INTITIO [sic] BECAUSE THE TRIAL COURT LACKED JURISDICTION DUE TO THE FACT THAT THE CASE WAS UNCONDITIONALLY DISMISSED BY THE AGREED ORDER AND ENTRY: DISIMSSAL OF JULY 27, 1997, AND THE VOLUNTARY DISMISSAL BY APPELLANT.
 VI. THE TRIAL COURT ERRED IN HOLDING THAT THE OHIO MEDIATION PRIVILEGE STATUTE, ORC § 2317.023, WAS INAPPLICABLE TO THE SETTLEMENT DISCUSSIONS, BECAUSE THE PROCESS CONDUCTED BY MAGISTRATE HAROLD PADDOCK WITH THE PARTIES WAS NOT MEDIATION AS THAT TERM IS DEFINED IN ORC § 2317.023.
At the outset, we will address a jurisdictional issue raised under plaintiff's fifth assignment of error. Specifically, plaintiff argues that the judgment of the trial court, determining the existence of a settlement agreement and granting defendants' motion to enforce settlement agreement, is void on jurisdictional grounds because the case was dismissed by a court entry filed in July 1997, and also because plaintiff subsequently filed, on October 27, 1998, a notice of voluntary dismissal of its motion to find defendants in contempt of the court's entry dated December 11, 1996.
Plaintiff asserts that the trial court's agreed entry of dismissal, filed by the court on July 24, 1997, unconditionally dismissed the case. That entry states in relevant part as follows:
 This cause came on for consideration upon the agreement of the parties, through counsel, that, the election to the Board of Trustees of the Cambodian Buddhist Society, Inc., having been duly held pursuant to the previous agreement of the parties and this Court's agreed order and entry, and the following natural persons having been duly elected and now constituting the Board of Trustees of the Cambodian Buddhist Society, Inc.:
* * *
 IT IS THEREFORE ORDERED that this cause be and the same is hereby DISMISSED * * *.
Under Ohio law, "a judge loses his authority to proceed in a matter when he unconditionally dismisses it." State ex rel. Rice v. McGrath (1991), 62 Ohio St.3d 70, 71. Further, "[a] judgment rendered by a court lacking subject matter jurisdiction is void ab initio." Patton v. Diemer (1988), 35 Ohio St.3d 68, paragraph three of the syllabus. The issue of whether a dismissal is unconditional "depends on the terms of the order." Showcase Homes, Inc. v. Ravenna Sav. Bank (1998), 126 Ohio App.3d 328,331.
Plaintiff contends that the language of the trial court's dismissal order in the instant case is similar to the trial court's dismissal entry in Kleinholz v. Bodnar (2000), Summit App. No. 19240. In that case, the court's entry stated: "The Court, having been advised that the parties have reached an agreement in this case, orders this matter to be marked `SETTLED AND DISMISSED.'" In Kleinholz, the court of appeals held that the language of the entry "fails to indicate that the trial court intended to retain jurisdiction to enforce the terms of the settlement agreement." Thus, given the language of the entry, and relying on the holding of the Ohio Supreme Court in Rice, supra, the Kleinholz court held that "the trial court clearly divested itself of jurisdiction by unconditionally dismissing the case." Id.
Plaintiff also cites this court's decision in Baybutt v. Tice (1995), Franklin App. No. 95APE06-829, in which the trial court filed an entry dismissing the action upon a finding that the matter had been settled. In Tice, this court held that the dismissal was unconditional, noting, "[n]either the judgment entry nor the settlement agreement stated that the trial court would retain jurisdiction." This court further noted that the appellees were not without recourse, as "[t]he proper avenue is to file a separate breach of contract action." Id.
Upon review of the dismissal entry in the instant case, we agree with plaintiff's contention that the trial court's entry fails to indicate any express intent by the trial court to retain jurisdiction over the case following dismissal, nor can it be inferred from the language of the entry that the court intended to attach any condition to the dismissal. Rather, the entry indicates that the election to the board of trustees, which was a condition of a prior entry of the trial court on November 7, 1996, had been duly held, and therefore the matter was dismissed. Inasmuch as the entry contains no provision expressly indicating intent by the court to retain jurisdiction, and "no conditions or further orders," the court's judgment constituted an unconditional dismissal, and therefore the action "was terminated once the unconditional dismissal was journalized." Showcase Homes, supra, at 331. Accordingly, having dismissed the action without conditions, the trial court lacked jurisdiction to grant a motion to enforce a later, purported settlement agreement. See Hart v. Smolak (1995), Franklin App. No. 94APE12-1808 ("if a trial court `unconditionally dismisses' an action, the court is without any jurisdiction to take further action on the case, including efforts to enforce a settlement agreement arising out of the dismissed action"). Further, while a trial court may relieve a party from a final judgment under Civ.R. 60(B), none of the parties in the instant case sought relief from the entry of dismissal. Showcase Homes, supra, at 330.
We note that it appears from the record (based upon an entry of the court filed January 10, 2001), that the trial court, while giving recognition to the fact that it had dismissed the matter with the agreement of the parties, nevertheless viewed its jurisdiction over the matter as ongoing based upon the fact that plaintiff's motion for contempt, filed July 3, 1997, was still pending before the court at the time of the court's entry of dismissal. Plaintiff's motion for contempt, however, alleged that defendants had failed to turn over to plaintiff certain "books and records of the corporation" that the court had ordered defendants to provide. Thus, because the purpose of the contempt action "was to compel compliance with the court's order," it was civil in nature. State ex rel. Corn v. Russo (2001), 90 Ohio St.3d 551,555. In Corn, the Ohio Supreme Court noted "[i]t is well established that where the parties settle the underlying case that gave rise to the civil contempt sanction, the contempt proceeding is moot, since the case has come to an end." Id., citing Gompers v. Buck's Stove Range Co. (1911), 221 U.S. 418, 451-452. Accordingly, in the instant case, following the trial court's dismissal of the case, any further proceedings, including a hearing on plaintiff's motion for civil contempt, were not properly before the court. We also note that on October 27, 1998, prior to the time defendants' filed their motion to enforce settlement, plaintiff voluntarily dismissed its contempt motion against defendants.
Finally, we note that defendants do not specifically contend that the language of the order was conditional; instead, defendants maintain that it would be a waste of judicial economy and would work a substantial injustice upon the parties to require defendants to file a cause of action for breach of contract. Notwithstanding defendants' potential hardship, where a trial court unconditionally dismisses a case, thereby losing jurisdiction over the entire action, the party seeking to enforce an alleged settlement agreement "must commence an action in the appropriate court, asserting breach of the settlement agreement and requesting relief as appropriate." Hart, supra.
Based upon the foregoing, plaintiff's fifth assignment of error is sustained.
Our disposition of the above assignment of error renders moot plaintiff's remaining assignments of error. We would note, however, while the trial court found in its decision granting the motion to enforce settlement that the matter was "settled by the parties in late 1998 by agreement of the parties before a magistrate of this court," there is no evidence in the record of a formal agreement in writing, signed by the parties, representing a complete expression of their agreement. Further, although a trial court may enforce a settlement that was agreed to by the parties and read into the record in the presence of the court, regardless of whether it has been reduced to writing (See Walker v. Sambol (2001), Montgomery App. No. 18478), a review of the record in this case fails to show that either the magistrate or the parties ever read into the record the terms of a settlement agreement. At most, the record shows that the parties were working toward a settlement, and that unsigned proposals were prepared, but that the parties disagreed over various terms, including when the real estate was to be conveyed, whether the real estate was to be conveyed by quit-claim deed or general warranty deed, and whether transfer of the real estate was required to be made to a qualified nonprofit organization pursuant to the Internal Revenue Code. We note that, during oral argument, counsel for defendants acknowledged that plaintiff did not agree to a draft submitted by defendants, and counsel also acknowledged that terms of an agreement were never read in open court into the record.
In order to constitute a valid contract, "`there must be a meeting of the minds of the parties, and there must be an offer on the one side and an acceptance on the other.'" Jackson v. Bellomy (2000), Franklin App. No. 99AP-691. Further, "courts should be particularly reluctant to enforce * * * incomplete contracts that aim to memorialize a settlement agreement between adversarial litigants." Rulli v. Fan Co. (1997),79 Ohio St.3d 374, 376. In the present case, although drafts were exchanged between the parties, including a counter-offer containing terms that varied from an initial offer, the record does not reveal an acceptance or a meeting of the minds on the essential terms of an agreement, nor does the record indicate that the terms of a settlement were ever read into the record. As noted above, however, based upon our determination that the trial court unconditionally dismissed the action, plaintiff's remaining assignments of error, including those challenging the existence of a settlement agreement, are rendered moot.
Based upon the foregoing, plaintiff's fifth assignment of error is sustained, plaintiff's first, second, third, fourth and sixth assignments of error are rendered moot, the judgments of the trial court are reversed and this matter is remanded to the trial court with instructions to dismiss defendants' motion to enforce settlement agreement.
Judgments reversed and cause remanded with instructions.
LAZARUS and BROWN, JJ., concur.