OPINION
{¶ 1} Appellant, Current Directions, Inc., appeals from the September 7, 2006 judgment entry of the Lake County Court of Common Pleas enforcing a settlement agreement allegedly entered between appellant and appellee, Nova Information Systems, Inc., on February 3, 2006 Because we hold the trial court lacked jurisdiction to enforce the agreement, we reverse.
 {¶ 2} On January 27, 2004, appellee filed a complaint for breach of contract seeking monetary relief. Appellant filed an answer, a counterclaim, and a new party *Page 2 
complaint. Trial was scheduled for February 21, 2006. However, during a pretrial conference on February 3, 2006, the parties along with a third-party defendant discussed possible settlement options. While no written settlement appears in the record, appellee maintains the parties reached an agreement which was communicated to the trial judge. On February 24, 2006, the parties filed a "mutual dismissal with prejudice." In its entirety, the dismissal read:
 {¶ 3} "Now come[s] Plaintiff, Nova Information Systems, Inc. and Defendant, Current Directions, Inc., [and by] agreement of the parties, it is hereby ordered as follows:
 {¶ 4} "1. The Complaint filed against Current Directions is hereby dismissed with prejudice.
 {¶ 5} "2. The Counterclaim against Nova Information Systems, Inc. and Defendants' Third Party Complaint against Merchant Warehouse, Visa and Mastercard are [sic] hereby dismissed with prejudice.
 {¶ 6} "3. Each party will bear its own costs."
 {¶ 7} The order was signed by the trial judge as well as counsel for both parties and filed with the court.
 {¶ 8} Nearly six months later, on August 4, 2006, appellee filed a "Motion to Enforce Settlement Agreement." In its motion, appellee set forth the details of the settlement which the parties purportedly entered into after their negotiations on February 3, 2006. Appellee pointed out that appellant had failed to honor the agreement and, in fact, denied the existence of the same. On August 18, 2006, appellant moved to strike appellee's motion to enforce. Appellant argued that the *Page 3 
parties failed to reach a compromise after negotiations and therefore no enforceable agreement existed. Appellant pointed out that the record was devoid of any written agreement and asserted that appellee's motion was frivolous because it was filed well after the case was dismissed with prejudice. On August 24, 2006, appellee filed a reply brief opposing appellant's motion to strike.
 {¶ 9} On September 7, 2006, after considering the various motions, the trial court granted appellee's motion to enforce. Appellant now appeals and asserts the following assignment of error:
 {¶ 10} "The trial court erred by issuing an order granting plaintiff's motion to enforce settlement agreement on September 7, 2006, after there was an unconditional dismissal (with prejudice) of the matter filed on February 24, 2006, wherein there was no reservation of jurisdiction for the court to act further on the matter."
 {¶ 11} Appellant argues the trial court erred in considering and later granting appellee's motion to enforce because the matter had been dismissed without a reservation of jurisdiction. Specifically, appellant argues that because the court unconditionally dismissed the underlying matter via its February 24, 2006 order, it lost jurisdiction to enforce the settlement purportedly entered into on February 3, 2006.[1]
 {¶ 12} In response, appellee argues appellant failed to raise the jurisdictional issue at the lower court and therefore waived the argument on appeal. Further, even if the issue was not waived, appellee contends the trial court properly granted the motion *Page 4 
because the oral settlement agreement was premised upon a valid offer, acceptance, and evidenced by consideration.
 {¶ 13} We first point out that appellee's waiver argument is inaccurate. Regardless of a party's failure to object, the issue of subject matter jurisdiction cannot be waived and may be raised at any stage in the proceeding, including on appeal. In re Netotea, 11th Dist. No. 2004-T-0120, 2006-Ohio-1445, at ¶ 13, citing State ex rel. White v.Cuyahoga Metro. Hous. Auth., 79 Ohio St.3d 543, 544, 1997-Ohio-366. This principle is in keeping with a court's inherent power to vacate void judgments and orders. Old Meadow Farm Co. v. Petrowski (Mar. 2, 2001), 11th Dist. No. 2000-G-2265, 2001 Ohio App. LEXIS 782, *6. To wit, if a court lacks jurisdiction, any judgment issued by that court is void. If a judgment is void, it has no legal effect whatsoever and must be vacated irrespective of whether the parties raise or have raised that issue. Fox v. Eaton Corp. (1976), 48 Ohio St.2d 236, 238. We therefore hold the jurisdictional challenge at issue is properly before this court.
 {¶ 14} With this in mind, we recognize that a trial court possesses the authority to enforce a settlement agreement voluntarily entered into by the parties to a lawsuit. Mack v. Polson (1984), 14 Ohio St.3d 34. However, a trial court is divested of jurisdiction to proceed when it unconditionally dismisses the action upon which the motion to enforce is premised. Tabbaa v. Koglman, 149 Ohio App.3d 373, 377, 2002-Ohio-5328, citing State ex rel. Rice v. McGrath (1991), 62 Ohio St.3d 70. In other words, if a case is "unconditionally dismissed," the court is without jurisdiction to take further action on the case, including efforts to enforce a settlement agreement arising out of the dismissed action. See, e.g., Bugeja v. Luzik, 7th Dist. No. 06 MA 50, 2007-Ohio-733, *Page 5 
at ¶ 7. "The determination of whether a dismissal is unconditional, thus depriving a court of jurisdiction to entertain a motion to enforce a settlement agreement, is dependent upon the terms of the dismissal."Le-Air Molded Plastics, Inc. v. Goforth (Feb. 24, 2000), 8th Dist. No. 74543, 2000 Ohio App. LEXIS 653, *9, citing Showcase Homes, Inc. v. TheRavenna Savings Bank (1998), 126 Ohio App.3d 328.
 {¶ 15} In contrast, a trial court may retain limited jurisdiction over a matter, post-dismissal, pursuant to an express condition in the underlying order. See Berger v. Riddle (Aug. 18, 1994), 8th Dist. Nos. 66195 and 66200, 1994 Ohio App. LEXIS 3623, *6; see, also, Baybutt v.Tice (Dec. 5, 1995),10th Dist. Nos. 95APE06-829 and 95APE08-1106, 1995 Ohio App. LEXIS 5402, *7. Where the parties have entered into a voluntary settlement, a court may condition a dismissal order upon the existence of a settlement agreement thereby retaining the limited jurisdiction to enforce the same. Electrical Enlightenment, Inc. v.Lallemand, 8th Dist. No. 87551, 2006-Ohio-5731, at ¶ 5.[2] Where a court wishes to reserve limited jurisdiction, the language of the reservation need not be highly detailed or precise. Rather, the entry of dismissal need merely allude to the existence of a settlement upon which the dismissal is premised. See, e.g., State ex rel. NorthpointProperties, Inc. v. Markus, 8th Dist. No. 82848, 2003-Ohio-5252, at ¶ 28.
 {¶ 16} Here, the February 24, 2006 dismissal entry unconditionally dismissed the case with prejudice. Even assuming a valid settlement agreement exists, the judgment *Page 6 
entry failed to include language reserving limited jurisdiction to enforce the agreement. Moreover, this court cannot reasonably construe appellant's motion to enforce the settlement as a motion for relief from judgment pursuant to Civ.R. 60(B). Showcase Homes, supra; see, also,The Cambodian Buddhist Society, Inc. v. Ke, 10th Dist. Nos. 01AP-731 and 01A-732, 2002 WL 1066, 2002-Ohio-2766, *5. Based upon the authority discussed above, the trial court lost jurisdiction over the case upon the issuance of the unconditional dismissal. The September 7, 2006 judgment entry ordering enforcement of the settlement agreement allegedly entered into on February 3, 2006 was void ab initio and must therefore be vacated.
 {¶ 17} Appellant's sole assignment of error has merit.
 {¶ 18} For the reasons set forth above, the September 7, 2006 judgment entry of the Lake County Court of Common Pleas is hereby reversed and vacated.
DIANE V. GRENDELL, J., COLLEEN MARY OTOOLE, J., concur.
[1] We underscore that appellant denies the parties voluntarily entered into a settlement agreement on February 3, 2006. Appellant asserts the parties negotiated with the expectation of settlement but no "meeting of the minds" occurred. However, because this appeal hinges upon a jurisdictional question, we need not specifically address the existence or validity of the settlement allegedly entered into on February 3, 2006.
[2] It should be noted that, in addition to a reservation of jurisdiction, a trial court may also enter orders subsequent to an order of dismissal with prejudice to relieve a party from that final judgment pursuant to Civ.R. 60(B). See, e.g., Showcase Homes, supra, at 330. However, appellee's August 4, 2006 pleading was simply a motion to enforce and did not seek relief from the unconditional entry of dismissal pursuant to Civ.R. 60(B). *Page 1