OPINION
{¶ 1} David Howard appeals from the granting of a civil protection order in favor of Terra Howard and against him. In a single assignment, David argues that the trial court lacked proper jurisdiction to issue the protection order because the court had previously dismissed the case. Terra has not filed a brief in this matter. *Page 2 
 {¶ 2} On March 24, 2008, Terra filed a petition for the civil protection order in the Greene County Common Pleas Court. The court did not initially grant an ex parte order but set the matter for full hearing on April 3, 2008. David was personally served with the notice of the full hearing but the matter was dismissed on April 7, 2008, when Terra failed to appear at the hearing. Two days later it was determined that service of notice of the full hearing was not made on Terra. She then moved to have the court reset the full hearing. The court set a new hearing date of April 28, 2008. There was no indication on the docket that David was served with notice of the reset hearing. On April 28, 2008, the trial court conducted the full hearing and granted Terra's petition for the civil protection order. On May 16, 2008, David moved to dismiss the civil protection order because the court had previously dismissed Terra's petition for failure to prosecute. David appealed before the trial court could rule on his motion.
 {¶ 3} In his first assignment of error, David argues that the trial court lacked jurisdiction to issue the civil protection order because the court had previously dismissed Terra's petition. He notes that under Civ. R. 41(B)(1), the Court can, upon its own motion, dismiss an action when the plaintiff fails to prosecute and that, pursuant to Civ. R. 41(B)(3), such a dismissal under Civ. R. 41(B)(1) operates as an adjudication on the merits unless the court in its order of dismissal otherwise specifies.
 {¶ 4} When an action is unconditionally dismissed, the court loses jurisdiction over the action. State ex rel. Rice v. McGrath (1991), 62 Ohio St.3d 70. The trial court, however, does not lose jurisdiction to address a properly filed Civ. R. 60(B) motion. Civ. R. 60(B) permits the trial court to relieve a party from a final judgment, order or proceeding. Terra did not file a formal Civ. R. 60(B) motion, but merely requested the *Page 3 
trial court reset the hearing because she contended she had no notice of the previous hearing upon her petition. Terra's counsel certified that he mailed a copy of this motion to David and his counsel on April 11, 2008. Seven days later, the trial court granted Terra's motion for a new hearing date. The court, in its decision, indicated it was providing copies of its decision to David and his counsel.
 {¶ 5} Civ. R. 6(D) provides that a written motion and notice of thehearing thereof shall be served not later than seven days before the time fixed for the hearing unless a different period is fixed by the rules or order of court. After Terra filed her motion to reset the hearing upon her previously dismissed petition, the trial court never set a hearing date for her motion to be heard, but summarily granted it seven days afer the motion was filed.
 {¶ 6} Although the trial court has jurisdiction to consider a properly filed Civ. R. 60(B) motion, it must accord the non-movant an opportunity to respond to the motion by setting a hearing date for resolution of the motion. The Appellant's first assignment of error is Sustained for the reasons indicated.
 {¶ 7} In his second assignment of error, David contends he did not receive notice of the reset civil protection hearing. Since we have determined that the trial court should not have reset the civil protection hearing without providing an opportunity for David to respond to Terra's motion, this assignment is rendered moot.
 {¶ 8} The judgment of the trial court is Reversed and Remanded for further proceedings.
WOLFF, J., and FAIN, J., concur.
 Copies mailed to: *Page 4 
Gary R. Johnson
L. Patrick Mulligan
 Hon. Steven L. Hurley *Page 1