OPINION *Page 2 
{¶ 1} Plaintiff-appellant, William Walker, appeals from the trial court's January 30, 2008, Judgment Entry granting a Motion to Enforce Settlement Agreement filed by defendant-appellee Clay Ditmore.
 STATEMENT OF FACTS AND CASE {¶ 2} On May 16, 2005, Melanie McDougal, Scott Nichols and Samantha Justice filed a personal injury complaint against appellee Clay Ditmore. The lawsuit arose out of an automobile accident. Appellant William Walker represented the plaintiffs in such suit.
 {¶ 3} On August 24, 2005, McDougal and appellant signed a release wherein McDougal, in order to settle the case, agreed to pay a medical lien of $749.68 held by Nationwide Mutual Insurance Company from the proceeds of the settlement. Nationwide was McDougal's insurance carrier and had paid $749.68 in medical bills on her behalf.
 {¶ 4} On September 8, 2005, an Agreed Order of Dismissal with prejudice was filed.
 {¶ 5} Subsequently, McDougal failed to pay Nationwide's lien from the settlement proceeds.
 {¶ 6} On November 13, 2007, appellee, Clay Ditmore, filed a Motion to Enforce Settlement in the personal injury case. In the memorandum in support of such motion, appellee argued that "[d]espite [the] Release and Ms. McDougal's agreement to be responsible for any and all medical care liens including Nationwide Mutual Insurance Company, Ms. McDougal has refused to pay the Nationwide lien." Appellee asked for *Page 3 
an order from the trial court requiring McDougal to pay appellee $749.68 regarding the Nationwide Mutual Insurance Company Medical payments coverage lien.
 {¶ 7} Pursuant to an Order filed on on December 12, 2007, the court scheduled a hearing on the motion for January 25, 2008. The Order indicates that appellant, as counsel of record for McDougal, was advised of the hearing.
 {¶ 8} On January 24, 2008, appellant filed a "Notice of Non-Representation." In the notice, appellant informed the court that his representation of McDougal and the other plaintiffs had terminated in September of 2005, and that he was not aware of the their whereabouts.
 {¶ 9} On January 25, 2008, the court held a hearing on the Motion to Enforce Settlement Agreement. Appellant was not present at the hearing.
 {¶ 10} Pursuant to a Judgment Entry filed on January 30, 2008, the trial court granted appellee's Motion to Enforce Settlement Agreement. In the entry, the trial court noted that "[n]either Plaintiff Melanie R. McDougal nor her attorney William Walker appeared for this hearing." The court further entered judgment against McDougal "and her attorney William Walker, jointly and severally, in the amount of $749.68." The court also awarded attorney's fees in the amount of $250.00, for a total judgment against appellant and McDougal, jointly and severally, in the amount of $999.68.
 {¶ 11} It is from this judgment that appellant now appeals, setting forth the following assignment of error:
 {¶ 12} "THE TRIAL COURT ERRED TO WALKER'S PREJUDICE WHEN IT ADJUDICATED HIS RIGHTS — IN A CASE WHERE HE WAS NOT A PARTY AND WHERE NO CLAIMS HAD BEEN MADE AGAINST HIM — WHILE NOT PROVIDING *Page 4 
HIM WITH NOTICE THAT HIS RIGHTS WERE IN JEOPARDY WHICH IN TURN DEPRIVED HIM OF THE OPPORTUNITY TO DEFEND HIMSELF IN VIOLATION OF THE CONSTITUTIONAL GUARANTEES OF DUE PROCESS."
 {¶ 13} Appellant, in his sole assignment of error, argues that judgment was entered against him in violation of his due process rights of notice and an opportunity to be heard.
 {¶ 14} However, the first issue for determination is whether the trial court had jurisdiction to enforce the settlement agreement. InTabbaa v. Koglman, 149 Ohio App.3d 373, 377-78, 2002-Ohio-5328,777 N.E.2d 338, the court held as follows: "Initially, this Court recognizes that a trial court possesses the authority to enforce a settlement agreement voluntarily entered into by the parties to a lawsuit. Mack v.Polson (1984), 14 Ohio St.3d 34. However, a trial court will lose jurisdiction to proceed into a matter when the court has unconditionally dismissed an action. State, ex rel. Rice v. McGrath (1991),62 Ohio St.3d 70. In contrast, `when an action is dismissed pursuant to a stated condition, such as the existence of a settlement agreement, the court retains the authority to enforce such an agreement in the event the condition does not occur.' Berger v. Riddle (Aug. 18, 1994), Cuyahoga App. Nos. 66195, 66200. The determination of whether a dismissal is unconditional, thus depriving a court of jurisdiction to entertain a motion to enforce a settlement agreement, is dependent upon the terms of the dismissal order.' Le-air Molded Plastics, Inc. v. Virginia Goforth,et al. (Feb. 24, 2000), Cuyahoga App. No. 74543, citing Showcase Homes,Inc. v. The Ravenna Savings Bank (1998), 126 Ohio App.3d 328,710 N.E.2d 347." Id. at paragraph 29. *Page 5 
 {¶ 15} A court may retain jurisdiction to enforce a voluntary settlement agreement by, in its dismissal entry, reserving the limited jurisdiction to do so. Id.
 {¶ 16} In the case sub judice, the dismissal order states, in relevant part, as follows: "Upon agreement of Counsel for Plaintiffs and Counsel for Defendant, this matter is dismissed with prejudice to refiling." The trial court failed to indicate that it retained the limited jurisdiction to enforce the terms of the settlement agreement. Because the trial court unconditionally dismissed the case, it lost the jurisdiction to take any further action in the case, including to enforce the settlement agreement. Consequently, the trial court's January 30, 2008, Judgment Entry granting the Motion to Enforce Settlement Agreement was void ab initio and must be vacated.
 {¶ 17} Based upon the foregoing, the judgment of the Stark County Court of Common Pleas is vacated.
Edwards, J., Hoffman, P.J., and Delaney, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is vacated. Costs assessed to appellee. *Page 1