DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Myles Harmon, appeals from the decision of the Summit County Court of Common Pleas which granted the motion for default judgment of appellee, Adriatic Insurance Company ("Adriatic"), and denied Mr. Harmon's motion for relief from judgment. We find that the trial court lacked jurisdiction to enter a default judgment; therefore, we vacate that order.
 {¶ 2} Adriatic filed a complaint on August 30, 2002. Mr. Harmon received the complaint and forwarded it to his attorney. Mr. Harmon's attorney did not file an answer, and the trial court ordered Adriatic to file a motion for default by November 1, 2002. Adriatic did not file a motion for default by November 1, 2002, and, on November 15, 2002, the trial court dismissed Adriatic's complaint, without prejudice, for lack of prosecution.
 {¶ 3} On November 20, 2002, Adriatic filed a motion for default. On November 21, 2002, Adriatic filed a "motion for revival," requesting the trial court to vacate its order dismissing the action for lack of prosecution. The trial court did not rule on the "motion for revival." Rather, on November 26, 2002, the trial court granted Adriatic's motion for default. On December 20, 2002, Mr. Harmon filed a notice of appeal with this Court from the default judgment (Appellate Case No. 21368).
 {¶ 4} On January 13, 2003, without filing a motion for a stay and remand with this Court, Mr. Harmon filed a motion for relief from judgment in the trial court. The trial court denied the motion for relief from judgment, and Mr. Harmon filed another appeal (Appellate Case No. 21457). This Court consolidated the two appeals under Case No. 21368.
 {¶ 5} Mr. Harmon asserts one assignment of error.
 Assignment of Error
"The Trial Court Abused Its Discretion And Committed Reversible Error When, After Dismissing This Case For Want Of Prosecution, It Permitted The Plaintiff-appellee To File A Rule 60(B) Motion Without Serving That Motion Upon The Defendant-appellant, And Then, Without Ruling On That Motion, Granted A Default Judgment Against The Defendant-Appellant."
 {¶ 6} In his assignment of error, Mr. Harmon asserts that the trial court erred when, after dismissing the case for want of prosecution, it granted a default judgment against Mr. Harmon without ruling on Adriatic's motion for revival, an apparent Civ.R. 60(B) motion. We agree.
 {¶ 7} Mr. Harmon appeals from both the granting of Adriatic's motion for default judgment and the denial of his own motion for relief from judgment. "[A]n appeal divests trial courts of jurisdiction to consider Civ.R. 60(B) motions for relief from judgment." Howard v.Catholic Social Serv. of Cuyahoga Cty. Inc. (1994), 70 Ohio St.3d 141,147. The trial court did not have jurisdiction to rule on Mr. Harmon's motion for relief from judgment because the case had already been appealed to this Court, and Mr. Harmon did not seek a stay and remand from this Court. Therefore, we will limit our discussion to the granting of the default judgment.
 {¶ 8} A trial court loses the authority to rule in a matter when it unconditionally dismisses the case. State ex rel. Rice v. McGrath
(1991), 62 Ohio St.3d 70, 71. While a trial court retains jurisdiction to consider a Civ.R. 60(B) motion, the trial court may not take further action on the merits of the dismissed case. See Logsdon v. Nichols
(1995), 72 Ohio St.3d 124, 128.
 {¶ 9} In the case herein, the trial court unconditionally dismissed the case, and then proceeded to enter a default judgment without vacating the prior dismissal. While Adriatic did file a "motion for revival," that type of motion is used for the revivor of a dormant judgment pursuant to R.C. 2325.15; and therefore, is not applicable to the present facts. Rather than reviving a dormant judgment, the substance of Adriatic's motion requested the trial court to vacate the dismissal for failure to prosecute. Even if Adriatic filed an appropriate motion for relief from judgment pursuant to Civ.R. 60(B), the trial court did not rule on the motion and did not vacate its order dismissing the case.
 {¶ 10} The trial court was without jurisdiction to enter the default judgment against Mr. Harmon. Mr. Harmon's assignment of error is sustained.
 {¶ 11} The assignment of error is sustained and the judgment of the Summit County Court of Common Pleas granting default judgment is vacated.
Judgment vacated.
WILLIAM G. BATCHELDER, SLABY, P.J., WHITMORE, J. CONCUR.