[Cite as *Holloway v. Leech*, 2019-Ohio-43.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Nicole Holloway, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 18AP-02 |
| v. | : | (C.P.C. No. 16CV-9973) |
| James Leech et al., | : | (REGULAR CALENDAR) |
| Defendants-Appellees, | : | |
| (Larry Kirk, | : | |
| Defendant-Appellant). | : | |

D E C I S I O N

Rendered on January 10, 2019

**On brief:** *Slater & Zurz, LLP,* and *Mark A. Ropchock,* for appellee. **Argued:** *Mark A. Ropchock.*

**On brief:** *Larry Kirk,* pro se. **Argued:** *Larry Kirk.*

APPEAL from the Franklin County Court of Common Pleas

HORTON, J.

{¶ 1} Defendant-appellant, Larry Kirk, appeals from a judgment of the Franklin County Court of Common Pleas finding him jointly and severally liable with James Leech for the injury to plaintiff-appellee, Nicole Holloway, caused by a dog on February 6, 2016, with Kirk as the owner and James Leech as the keeper of the dog. For the following reasons, we affirm the judgment.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} Appellee Holloway rented a single family home from appellant Kirk. Laura Hutchinson lived with Holloway. Leech rented the house next door to Holloway and Hutchinson, also from Kirk. Leech had two dogs living with him. On February 6, 2016,

Leech let one of the dogs, Kane, into his yard and the second dog escaped from the house without a collar or a leash. The second dog jumped the fence into Holloway's back yard. Holloway testified she was outside with her dogs and, when she heard the dogs next door were outside, she attempted to get her dogs back inside. Holloway testified that the second dog she knew as "Rusty," was a brown and white pit bull. Rusty attacked her leg as she attempted to go up the steps to her back porch. She sustained a serious bite to her lower left calf. She still had a scar that was approximately 4 x 4 inches at the trial. She had $31,000 in medical bills and still used daily medication for the permanent damage to the nerves in her leg. Holloway testified that Kirk had previously told her he had owned Rusty but Rusty had bitten two people and so Kirk "chose to move him to the ghetto, cause who cares if it bites somebody in the hood" and Kirk told her Leech had an issue with the previous neighbors so Kirk gave him Rusty for protection. (Oct. 23, 2017 Tr. at 79.)

{¶ 3} Hutchinson testified that she lived with Holloway and that morning they were taking the dogs outside. Whenever Holloway and Hutchinson would hear the dogs outside next door, they would move their dogs back inside because Rusty was "vicious." (Tr. at 100-01.) Hutchinson testified that Rusty jumped over the fence and she was able to get her dogs back in her house but, when she turned around, Rusty latched onto Holloway's leg. Hutchinson kicked Rusty with her steel-toed boots and stood between Rusty and Holloway. (Tr. at 100.) Hutchinson called for an ambulance immediately but the emergency responders could not enter the backyard because Leech could not contain the dog. (Tr. at 102-03.) Hutchinson also testified that Kirk told her he had given Rusty to Leech and Rusty had bitten two people when Rusty lived in Hilliard with Kirk. (Tr. at 105.)

{¶ 4} Leech testified that a man from the neighborhood gave him two dogs from the same litter, Rusty and Rosco. Leech gave Rusty to Iren Fillinger, the brother of Aaron Fillinger, who worked for Kirk. Someone gave Leech the dog, named Kane, the night before Holloway and Hutchinson moved in next door. Leech does not believe his dog bit Holloway because by the time he entered Holloway's yard, the bite had already occurred. He testified he used his belt to remove his dog from her yard.

{¶ 5} Aaron Fillinger testified that he works as a property manager/maintenance for Kirk. In spring 2013, his brother, Iren, had two dogs, Rusty and Kane. Iren moved and gave Rusty to Kirk and Kane to Leech.

{¶ 6}  Finally, Kirk testified.  He stated that there were two dogs from the same litter, and he had one, Rusty, and Leech had Rosco, who was not an aggressive dog. However, he argues that Rosco was the dog that bit Holloway.  Kirk denied having a conversation with Hutchinson regarding dogs but admitted he told Holloway in 2013 about problems he had with Rusty.  He denied that the dog Leech owned was his dog.  He admitted there were two incidents in Hilliard involving Rusty and both times charges were dismissed. In November 2013, Rusty was no longer in his backyard and he did not know what happened to him.  (Tr. at 151.)  Kirk never filed a form with the county to indicate that Rusty had died, had been transferred, or had been sold.  (Tr. at 152.)

{¶ 7}  Jodi Kroeger, a field supervisor for the enforcement division of the Franklin County Animal Care and Control ("Animal Control") testified over Kirk's objection. Kroeger was not identified on Holloway's witness list.  However, another witness from Animal Control was identified on the list, just with the wrong name.  Kroeger testified that there were two complaint forms filed against Kirk involving dog bites from a brown male pit bull dog named Rusty.  One incident occurred on September 20, 2013 and the second incident occurred on October 12, 2013.  (Tr. at 30-32.)  The report from the February 6, 2016 incident indicated a brown and white pit bull named Rosco owned by Leech bit Holloway. The responding deputy was concerned that Rosco was actually Rusty. The deputy talked to Kirk who indicated that Rusty had been killed by his neighbor three years prior to this incident. Leech had indicated that he "got the dog [Rosco] from the neighborhood."  (Tr. at 46.)  The Ohio Revised Code required Kirk to notify the Franklin County Auditor if his dangerous dog died, was given away, or sold.  Kirk was given a citation for failing to file that form.  The dog that bit Holloway also bit two kennel attendants while it was in the care of Animal Control.  The dog was later euthanized.  Kroeger testified that the pictures of Rusty and Rosco looked like the same dog but the lighting in the photographs was different so she was not 100 percent positive the dogs in the pictures were the same dog.  (Tr. at 39; 48-49.)

{¶ 8}  Holloway filed a complaint against both Leech and Kirk alleging negligence and strict liability for her injuries.  After the trial, the magistrate filed a decision finding Kirk and Leech jointly and severally liable for $83,844.57.  Kirk filed a late objection alleging that the magistrate's findings of fact were not supported by the evidence in the case.

The trial court granted Kirk's motion to accept late filing of objections, overruled his objection, and adopted the magistrate's decision in full.

## II. ASSIGNMENTS OF ERROR

{¶ 9}   Kirk filed a timely notice of appeal and raised the following assignments of error for our review:

> [I.]   THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN ALLOWING A WITNESS FOR THE APPELLEE TO TESTIFY THAT WAS NOT ON THE APPELLEE'S WITNESS LIST.
>
> [II.] THE TRIAL COURT ERRED IN THAT THE EVIDENCE OF THE CASE DOES NOT SUPPORT THE FINDINGS OF FACT AND CONCLUSIONS OF LAW.
>
> [III.] THE TRIAL COURT ERRED IN A QUESTION OF LAW BY NOT GIVING WEIGHT TO THE EVIDENCE SUPPORTED BY STATE LAW AND FAILING TO FOLLOW STATE LAW.
>
> [IV.] THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN VIOLATING OHIO RULE OF EVIDENCE BY ALLOWING APPELLEE TO ENTER INTO THE RECORD A CRIMINAL RECORD OF APPELLANT LARRY KIRK.

## III. ANALYSIS

{¶ 10} Initially, we note that Kirk did not raise the issues related to assignments of error one and four in his objections to the magistrate's decision.  The failure to file timely objections to a magistrate's decision under Civ.R. 53(D)(3)(b) constitutes the waiver of the right to appellate review of all but plain error.  "In civil cases, appellate courts must proceed with caution and find plain error only in ' "extremely rare circumstances" where the error seriously affects the basic fairness, integrity, or public reputation of the judicial process itself.' " *Skydive Columbus Ohio, LLC v. Litter*, 10th Dist. No. 09AP-563, 2010-Ohio-3325, ¶ 13, quoting *Unifund CCR Partners v. Hall*, 10th Dist. No. 09AP-37, 2009-Ohio-4215, ¶ 22, quoting *Goldfuss v. Davison*, 79 Ohio St.3d 116, 121 (1997).

{¶ 11} In his first and fourth assignments of error, Kirk asserts that the trial court erred in allowing a witness for Holloway, Kroeger, to testify when that witness was not

identified on Holloway's pre-trial witness list and by allowing Holloway to question a witness regarding Kirk's criminal record.

{¶ 12} An evidentiary ruling cannot be the basis of a claim of error unless the error establishes that a substantial right was affected and to affect a substantial right, one must demonstrate that the alleged error affected the final determination of the case. *Lips v. Univ. of Cincinnati College of Med.*, 10th Dist. No. 12AP-374, 2013-Ohio-1205, ¶ 49, citing *Campbell v. Johnson*, 87 Ohio App.3d 543, 551 (2d Dist.1993). A discovery violation in failing to supply the name of a witness does not necessarily require that the trial court refuse to allow the witness to testify because the trial court generally has the discretion to determine the sanction for a discovery violation. *Woodruff v. Bar*, 10th Dist. No. 02AP-351, 2002-Ohio-5616, ¶ 14-16.

{¶ 13} Here, Kroeger's testimony explained many of the exhibits that were introduced. Holloway did identify a witness from Animal Control but it was not Kroeger. However, given the nature of the case, it does not seem unlikely to expect that a supervisor from Animal Control would testify.

{¶ 14} Further, even though Kroeger's testimony regarding the pictures being the same dog arguably bears on the credibility of Holloway and Hutchinson, we are not persuaded that Kirk has demonstrated plain error. The trier of fact bears the burden of assessing the credibility and veracity of witnesses and "may believe all, part or none of a witness' testimony, giving a witness little or no weight at all." *Parsons v. Washington State Community College*, 10th Dist. No. 05AP-1138, 2006-Ohio-2196, ¶ 21, citing *Botts v. Tibbs*, 12th Dist. No. CA98-06-125 (May 24, 1999).

{¶ 15} Additionally, this hearing was a bench trial before a magistrate. "In a bench trial, the trial court is presumed to have considered only relevant, material, and competent evidence." *Future Communications, Inc. v. Hightower*, 10th Dist. No. 96APE03-372 (Sept. 12, 1996), citing *Cleveland v. Assoc. of Cleveland Fire Fighters, Loc. 93, Internatl. Assn. of Fire Fighters*, 73 Ohio App.3d 220 (8th Dist.1991). Neither the magistrate's decision nor the trial court's decision mention or relied upon Kirk's criminal record. These facts do not rise to the level of extremely rare circumstances where the error seriously affects the basic fairness, integrity, or public reputation of the judicial process itself. Having found no plain error, Kirk's first and fourth assignments of error are overruled.

{¶ 16} In Kirk's second and third assignments of error, he contends that the judgment is against the manifest weight of the evidence.  Kirk argues that the magistrate made several mistakes in his findings of fact regarding who owns the dog and that the magistrate did not give proper weight to Kirk's testimony, his witnesses' testimony, and the exhibits he introduced into evidence.

{¶ 17} Judgments which are supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence.  *C.E. Morris Co. v. Foley Constr. Co.*, 54 Ohio St.2d 279 (1978), syllabus. "When a party asserts that the finding is against the manifest weight of the evidence, he must demonstrate that the evidence could lead to only one conclusion and that conclusion is contrary to the judgment."  *Hill v. Briggs*, 111 Ohio App.3d 405, 412 (10th Dist.1996).  This court should not reverse any of the magistrate's findings of fact unless the finding of fact is found to have no credible evidence supporting it.  *Galay v. DOT*, 10th Dist. No. 05AP-383, 2006-Ohio-4113.  This court may not substitute its judgment for that of the trial court if competent, credible evidence supports the trial court's judgment.  *Koch v. Ohio Dept. of Natural Resources*, 95 Ohio App.3d 193, 198 (10th Dist.1994), citing *Seasons Coal Co. v. Cleveland*, 10 Ohio St.3d 77 (1984).

{¶ 18} Holloway filed this action for negligence and strict liability pursuant to R.C. 955.28, which provides, as follows:

> (B) The owner, keeper, or harborer of a dog is liable in damages for any injury, death, or loss to person or property that is caused by the dog, unless the injury, death, or loss was caused to the person or property of an individual who, at the time, was committing or attempting to commit criminal trespass or another criminal offense other than a minor misdemeanor on the property of the owner, keeper, or harborer, or was committing or attempting to commit a criminal offense other than a minor misdemeanor against any person, or was teasing, tormenting, or abusing the dog on the owner's, keeper's, or harborer's property. Additionally, the owner, keeper, or harborer of a dog is liable in damages for any injury, death, or loss to person or property that is caused by the dog if the injury, death, or loss was caused to the person or property of an individual who, at the time of the injury, death, or loss, was on the property of the owner, keeper, or harborer solely for the purpose of engaging in door-to-door

sales or other solicitations regardless of whether the individual was in compliance with any requirement to obtain a permit or license to engage in door-to-door sales or other solicitations established by the political subdivision in which the property of the owner, keeper, or harborer is located, provided that the person was not committing a criminal offense other than a minor misdemeanor or was not teasing, tormenting, or abusing the dog.

{¶ 19} A negligence action requires Holloway to prove by a preponderance of the evidence that Kirk and Leech owed her a duty of care, that they breached that duty, and that the breach proximately caused her injuries. *Strother v. Hutchinson*, 67 Ohio St.2d 282, 285 (1981). There was competent, credible evidence supporting the trial court's decision that Rosco and Rusty were the same dog and that Kirk was the owner. The photographs of the dog involved in the prior attacks (Rusty) and the dog involved in the attack on Holloway look identical and the dog is wearing the same collar. The investigating officer documented her doubts regarding Kirk's statement that Rusty had been killed three years prior to the incident. Both Holloway and Hutchinson testified that Kirk had previously told them that he had given Rusty to Leech for protection after Leech had been attacked. Further, they testified that Kirk had told them about the two previous incidents that Rusty had bitten people in Hilliard.

{¶ 20} Kirk presented a defense at the trial that Leech owned the dog that bit Holloway. He testified there were two dogs from the same litter, Rusty and Rosco. Kirk owned Rusty who had the two previous bite incidents in Hilliard and was killed by a neighbor. Rosco was owned by Leech and bit Holloway. However, Holloway and Hutchinson both testified that Kirk had told them that he gave the dog named Rusty to Leech. Hutchinson informed the Animal Control investigating officer that Rusty was the dog that attacked Holloway.

{¶ 21} The magistrate's decision depends heavily on the credibility of the witnesses. The magistrate specifically stated in his decision that he: "considered the credibility of the witnesses. The Magistrate's opinion concerning the credibility of the witnesses is based upon the appearance of each witness upon the stand; their manner of testifying; the reasonableness of the testimony; the opportunity they had to see, hear and know the things concerning which they testified; their accuracy of memory; frankness (or lack of it);

intelligence, interest and bias (if any); together with all the facts and circumstances surrounding the testimony." (Oct. 24, 2017 Mag.'s Decision at 2-3.) The magistrate specifically found that the testimony of Holloway and Hutchinson was more credible than the testimony of Kirk and Leech, despite any bias. (Mag.'s Decision at 9-10.) The magistrate found that the dog that bit Holloway was Rusty and Kirk was the owner and Leech was the keeper. " 'The choice between credible witnesses and their conflicting testimony rests solely with the finder of fact and an appellate court may not substitute its own judgment for that of the finder of fact.' " *Doe v. Vineyard Columbus*, 10th Dist. No. 13AP-599, 2014-Ohio-2617, ¶ 24, quoting *Cuyahoga Metro. Housing Auth. v. Davis*, 197 Ohio App.3d 411, 2011-Ohio-6162 (8th Dist.). "We are bound to accept the trial court's findings of fact if they are supported by competent, credible evidence." *Hill* at 412. As the Supreme Court of Ohio stated in *Seasons Coal Co.* at 80: "The underlying rationale of giving deference to the findings of the trial court rests with the knowledge that the trial judge is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony." We find that there is competent, credible evidence supporting the trial court's decision. Kirk's second and third assignments of error are overruled.

## IV. CONCLUSION

{¶ 22} For the foregoing reasons, we conclude that there is competent, credible evidence supporting the trial court's decision and the trial court did not err or abuse its discretion. We do not find plain error in Kirk's first and fourth assignments of error so they are overruled, and his second and third assignments of error are overruled. Accordingly, the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

TYACK and BRUNNER, JJ., concur.

_____