OPINION
{¶ 1} Respondent-appellant, Richard Glisson, appeals a decision of the Clermont County Court of Common Pleas overruling his objections to a magistrate's decision finding him in contempt of court. For the reasons outlined below, we affirm the decision of the trial court.
 {¶ 2} Petitioner-appellee, Debra Henneke, filed a petition for a civil stalking protection order ("CSPO") against appellant on June 1, 2007. The trial court denied appellee's request *Page 2 
for an ex parte CSPO. The matter proceeded to a full hearing on July 31, 2007. The parties filed a written agreement with the court on August 7, 2007 ("the Settlement Agreement"). The Settlement Agreement, executed on July 31, 2007, was signed by both parties as well as the magistrate and the trial court. Under the terms, the parties agreed to the following:
 {¶ 3} "1. Not interfere with the peaceable enjoyment of one another's real estate;
 {¶ 4} "2. Refrain from using what is commonly known as foul, abusive or cursing language toward one another;
 {¶ 5} "3. Refrain from threatening or annoying conduct one to the other; and
 {¶ 6} "4. Refrain from entering the real estate or otherwise trespassing on the property or personalty of one another except by specific invitation."
 {¶ 7} The Settlement Agreement also contained the following provision: "The parties understand and consent to the Court maintaining continuing jurisdiction over this matter for the specific purpose of entertaining motions for contempt or violation of this Agreement."
 {¶ 8} Seven minutes after the Settlement Agreement was filed and made part of the record, the magistrate's order dismissing the CSPO was filed and made part of the record. The preprinted form used for the dismissal order contained a section for findings of fact, under which the magistrate wrote "By agreement, case dismissed. (See entry)." A line was drawn through the box entitled "Notice of Final Appealable Order." The order was signed by both the magistrate and the trial court.
 {¶ 9} On October 22, 2007, appellee requested that the trial court find appellant in contempt of the Settlement Agreement for trapping her cat and transporting it to an animal shelter. Appellee reclaimed the cat after locating it at the shelter and paying a recovery fee. Following a hearing, the magistrate issued a decision on November 27, 2007 finding appellant in contempt for violating the Settlement Agreement and sentencing him to 10 days in jail. The jail term was suspended pending the payment of $550.25 to appellee. *Page 3 
 {¶ 10} Appellant filed objections to the magistrate's decision. In an opinion rendered on February 29, 2008, the trial court overruled appellant's objections and upheld the magistrate's decision. Appellant timely appeals, raising three assignments of error.
 {¶ 11} Assignment of Error No. 1:
 {¶ 12} "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT BY OVERRULING THE DEFENDANT-APPELLANT'S OBJECTIONS TO THE MAGISTRATE'S DECISION AS THE TRIAL COURT LACKED JURISDICTION TO ISSUE A CONTEMPT ORDER IN THE WITHIN CAUSE OF ACTION AS THE COURT NEVER ISSUED A PROTECTION ORDER AND DISMISSED THE PLAINTIFF-APPELLEE'S PETITION FOR CIVIL STALKING [SIC]."
 {¶ 13} Assignment of Error No. 2:
 {¶ 14} "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT BY OVERRULING THE DEFENDANT-APPELLANT'S OBJECTIONS TO THE MAGISTRATE'S DECISION AS THE TRIAL COURT LACKED JURISDICTION TO ISSUE A CONTEMPT ORDER IN THE WITHIN CAUSE OF ACTION AS THE COURT NEVER ISSUED A PROTECTION ORDER AND DISMISSED THE PLAINTIFF-APPELLEE'S PETITION FOR CIVIL STALKING [SIC]."
 {¶ 15} Because appellant's first and second assignments of error are worded exactly the same and the arguments thereunder are interrelated, we shall address them together. Appellant's central contention is that the trial court lacked authority to issue the contempt order because it lost jurisdiction over the case when it dismissed appellee's CSPO petition.
 {¶ 16} A trial court is authorized to enforce a settlement agreement voluntarily entered into by the parties to a lawsuit. Mack v.Polson (1984), 14 Ohio St.3d 34, 36. However, a trial court loses the authority to proceed when it unconditionally dismisses an action because, under such circumstances, the court no longer possesses jurisdiction to act. State ex rel. *Page 4 Rice v. McGrath (1991), 62 Ohio St.3d 70, 71. This includes attempts by the court to enforce a settlement agreement arising out of an action that is unconditionally dismissed. Nova Info Sys., Inc. v. CurrentDirections, Inc., Lake App. No. 2006-L-214, 2007-Ohio-4373, ¶ 14.
 {¶ 17} A trial court may retain limited jurisdiction over a matter following dismissal pursuant to an express condition in the underlying order. Id. at ¶ 15. For example, "[w]here the parties have entered into a voluntary settlement, a court may condition a dismissal order upon the existence of a settlement agreement thereby retaining the limited jurisdiction to enforce the same." Id.
 {¶ 18} In order to determine whether the dismissal of appellee's CSPO petition was conditional or unconditional, we must examine the terms of the dismissal order. Showcase Homes, Inc. v. Ravenna Savings Bank
(1998), 126 Ohio App.3d 328, 331. As stated, the dismissal was comprised of a preprinted form, which included the handwritten statement "By agreement, case dismissed. (See entry)." This handwritten statement evinced the court's intent to condition the dismissal upon the Settlement Agreement, which was filed and made part of the record immediately prior to the filing of the dismissal order. "Where a court wishes to reserve limited jurisdiction, the language of the reservation need not be highly detailed or precise. Rather, the entry of dismissalneed merely allude to the existence of a settlement upon which thedismissal is premised." (Emphasis added.) Nova Info Sys. at ¶ 15. The trial court's intent to retain jurisdiction is further supported by the fact that a line was drawn through the box entitled "Notice of Final Appealable Order" in the dismissal order.
 {¶ 19} Pursuant to the terms of the Settlement Agreement, the parties unambiguously and expressly consented to the trial court retaining jurisdiction over the matter for purposes of enforcing the Settlement Agreement. The Settlement Agreement constituted a binding contract.Spercel v. Sterling Industries, Inc. (1972), 31 Ohio St.2d 36, 39. The effect of this binding contract under such circumstances was aptly described by one court as follows: *Page 5 
 {¶ 20} "In exchange for appellant's binding promise, the litigation was terminated, and the claims against appellant were dismissed. This latter portion of the contract between the parties, dismissing the claims against appellant, must be read in concert with the other mutually dependent obligations created by the settlement agreement[.] * * * [I]n exchange for dismissing the claims against appellant as set forth in the plaintiff's complaint, the decree simultaneously created a new obligation, which, by the agreement of the parties, was to be enforceable by the court." Miller-Finocchioli v. Mentor Landscapes Supply Co., Inc. (1993), 90 Ohio App.3d 815, 819. (Citations omitted.)
 {¶ 21} In the case at bar, the parties entered into a binding agreement that was filed. See, e.g., Le-Air Molded Plastics, Inc. v.Goforth (Feb. 24, 2000), Cuyahoga App. No. 74543, 2000 WL 218385, at *4. The trial court's dismissal order incorporated the Settlement Agreement by reference. The Settlement Agreement specifically stated that the parties consented to the continuing jurisdiction of the trial court for the purpose of entertaining motions for contempt or violation of the Settlement Agreement. Accordingly, we hold that the trial court possessed jurisdiction to entertain appellee's motion for contempt.
 {¶ 22} Appellant's first and second assignments of error are overruled.
 {¶ 23} Assignment of Error No. 3:
 {¶ 24} "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT BY OVERRULING THE DEFENDANT-APPELLANT'S OBJECTIONS THE DEFENDANT-APPELLANT'S ACTIONS CONSTITUTED A VIOLATION OF ANY SETTLEMENT AGREEMENT AS AN OWNER OF PROPERTY HAS A RIGHT TO PROTECT HIS PROPERTY FROM TRESPASSING ANIMALS [SIC]."
 {¶ 25} Appellant's third assignment of error challenges the finding that he was in contempt of the Settlement Agreement on the basis that he was entitled by statute to protect *Page 6 
his property from the intrusion of appellee's cat. See R.C. 959.04.[1]
Appellant emphasizes that he did not take any action to interfere with appellee's peaceful enjoyment of her land.
 {¶ 26} A person who disobeys an order or command of judicial authority may be punished for contempt. R.C. 2705.02(A). See, also, Zakany v.Zakany (1984), 9 Ohio St.3d 192, 194. Contempt may be categorized as civil or criminal. Underwood v. O'Hara (Mar. 27, 2000), Butler App. No. CA99-03-057, at 3. Civil contempt is distinguished by punishment that is remedial or used to coerce compliance with a court order for the benefit of the complainant. Brown v. Executive 200, Inc. (1980),64 Ohio St.2d 250, 253. Prison sentences imposed as punishment for civil contempt are conditional, and the contemnor is said to "carry the keys of his prison in his own pocket" due to the fact that his compliance with the court order secures his freedom. Id.
 {¶ 27} The trial court's contempt order, which included a 10-day sentence suspended upon condition of appellant's payment of a fine, imposed a sanction for civil contempt. We review both discretionary and factual determinations in a civil contempt appeal for an abuse of discretion. Williamson v. Cooke, Franklin App. No. 05AP-936,2007-Ohio-493, ¶ 11.
 {¶ 28} At the hearing on the contempt motion, there was a factual dispute as to whether appellant knew that the cat he trapped belonged to appellee. Appellant admitted to seeing the cat in question around the neighborhood and to observing several cats in appellee's yard. He testified that there was a cat that had been hanging around his house for about one year and sitting on his window sills. He admitted to setting out a cage with tuna to trap this cat and that his wife transported it to the animal shelter. According to testimony by appellee's live-in boyfriend, the cat had resided at appellee's residence since June 2006. *Page 7 
Appellee testified that the cat would often be outside with her, followed her around, and would come when called by name. There was also some disputed testimony as to who provided the shelter with the cat's name, which had been written on the form appellee received from the shelter when she retrieved her cat.
 {¶ 29} The magistrate determined that appellant knew that the cat he trapped belonged to appellee. The magistrate found it incredulous that appellant, who lived directly across the street from appellee, did not know the cat belonged to appellee. The trial court found this determination to be supported by competent, credible evidence. We note that the trier of fact is in the best position to weigh the testimony and observe the witnesses' demeanor in order to gauge their credibility.In re Jane Doe 1 (1991), 57 Ohio St.3d 135, 138. The magistrate was thus in the best position to reconcile any factual disputes, and we do not find that the trial court abused its discretion in upholding the magistrate's findings.
 {¶ 30} Appellant is correct in asserting that he was legally entitled to remove a trespassing animal from his property. However, we note that parties can and do restrict or relinquish their legal rights as part of a contractual, bargained-for exchange and such agreements will be upheld so long as they are not illegal or violative of public policy. Cf.Lamont Bldg. Co. v. Court (1946), 147 Ohio St. 183, 184, citing 12 American Jurisprudence, 641, Section 149. In exchange for the dismissal of the CSPO petition, both parties agreed to be bound by the obligations created by the Settlement Agreement. Miller-Finocchioli,90 Ohio App.3d at 819. Pursuant to the Settlement Agreement, the parties agreed to "[r]efrain from * * * trespassing on the property or personalty of one another except by specific invitation."
 {¶ 31} Under Ohio property law, a pet is considered to be the personal property of its owner. Strawser v. Wright (1992), 80 Ohio App.3d 751,754. In intentionally trapping and dispossessing appellee of her cat, appellant trespassed upon the personal property of *Page 8 
appellee. Conley v. Caudill, Pike App. No. 02CA697, 2003-Ohio-2854, ¶ 7. In addition, the Settle Agreement prohibited the parties from engaging in "annoying conduct" toward one another. The act of trapping a pet known to belong to one's neighbor and taking the animal to a shelter without the owner's knowledge could arguably qualify as "annoying conduct."
 {¶ 32} In view of appellant's actions, the trial court's decision that appellant violated the Settlement Agreement, a contract to which he bound himself, was not an abuse of discretion. Accordingly, we hold that the trial court did not err in finding appellant in contempt for violating the Settlement Agreement.
 {¶ 33} Appellant's third assignment of error is overruled.
 {¶ 34} Judgment affirmed.
YOUNG and POWELL, JJ., concur.
[1] In pertinent part, R.C. 959.04 provides that R.C. 959.02, which prohibits killing or injuring domestic animals, "[does] not extend to a person killing or injuring an animal or attempting to do so while endeavoring to prevent it from trespassing upon his enclosure, or while it is so trespassing, or while driving it away from his premises[.]" *Page 1