[Cite as *EduCare Med. Staffing, L.L.P. v. Stabler*, 2024-Ohio-3295.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

EDUCARE MEDICAL STAFFING, LLP, :
ET AL.,

        Plaintiffs-Appellants, :

                                    No. 112877

        v. :

CHANEL STABLER, :

        Defendant-Appellee. :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** VACATED
**RELEASED AND JOURNALIZED:** August 29, 2024

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-19-920927

---

### *Appearances:*

Law Offices of Robert Smith, III, LLC and Robert Smith,
*for appellant* Educare Medical Staffing, LLP.

RJM Law LLC and Rachael J. Martin, *for appellant*
Naushay Adams.

McDonald Humphrey, LLP, Jonathan M. McDonald, and
Eric L. Foster, *for appellee.*

EMANUELLA D. GROVES, J.:

{¶ 1} Plaintiffs-appellants EduCare Medical Staffing, LLP ("EduCare") and

Naushay Adams ("Adams") (collectively, the "Appellants") appeal the trial court's

ruling on their and defendant-appellee Chanel Stabler's ("Stabler") respective motions to enforce a settlement agreement. For the reasons that follow, the trial court's decision of May 27, 2023, is vacated.

{¶ 2} Stabler and Adams were partners in EduCare, along with a third party. The business was registered with the Ohio Secretary of State on January 6, 2018, as a business that provides temporary nursing services throughout Cuyahoga County. On September 4, 2019, Appellants filed the underlying complaint for judicial dissolution of the partnership with Stabler as the defendant. The parties vigorously litigated the suit, culminating in a confidential settlement agreement (the "Agreement") that was signed by the parties on December 31, 2021.

{¶ 3} The parties filed a joint stipulation of dismissal of all claims with prejudice pursuant to Civ.R. 41(A)(1)(b). Per the stipulation, the court was to retain jurisdiction over the case for the purpose of enforcing the Agreement. The trial court filed its journal entry on January 7, 2022, dismissing the case with prejudice. No retention of jurisdiction was noted.

{¶ 4} On May 5, 2022, Stabler filed a motion to enforce the settlement agreement. On May 15, 2022, Appellants filed a brief in opposition to Stabler's motion. On November 21, 2022, EduCare filed a competing motion to enforce the Agreement. The trial court entered its ruling on May 27, 2023, finding that both parties had breached the Agreement. However, since both parties failed to substantially comply with their responsibilities under the Agreement, the court found that neither party was entitled to damages. Appellants appealed this decision.

## Law and Analysis

{¶ 5} As a preliminary matter, this court must determine whether the trial court had jurisdiction to enforce the Agreement in May 2022 after the trial court dismissed the case with prejudice in January 2022. "[A]n appellate court may raise the question of its subject-matter jurisdiction sua sponte before addressing the merits of the appeal." *Youngstown City School Dist. Bd. of Edn. v. State*, 2017-Ohio-555, ¶ 5 (10th Dist.) citing *State ex rel. White v. Cuyahoga Metro. Hous. Auth.*, 79 Ohio St.3d 543, 544, (1997).

{¶ 6} Notably, the trial court dismissed the case with prejudice after the parties filed a stipulated notice of dismissal. Subsequently, Stabler filed a motion to enforce the Agreement, leading to the proceedings more fully described above. We must first determine whether the trial court retained jurisdiction to do so. A trial court may retain jurisdiction in order to enforce a settlement agreement. *Infinite Sec. Solutions, L.L.C. v. Karam Properties II*, 2015-Ohio-1101 ¶ 25. To retain jurisdiction "the dismissal entry must either incorporate the settlement agreement or expressly state that the court retains jurisdiction to enforce the settlement." *Id.* at ¶ 26. The court only speaks through its journal entries. *Id.* at ¶ 29. The journal entry must include some language indicating the trial court's intention to retain jurisdiction, for example, "The trial court hereby retains jurisdiction to enforce the settlement agreement reached by the parties." *Id.* at ¶ 31. The journal entry may include the terms of the agreement, though it is not required. *Id.*

{¶ 7} In the instant case, the trial court's journal entry merely stated: Upon notice from the parties, effective as of 01/07/2022, all claims in this matter are hereby voluntarily dismissed with prejudice." Also, the entry did not incorporate the settlement agreement. Based on the foregoing, the trial court did not retain jurisdiction to enforce the settlement agreement.

{¶ 8} Accordingly, the trial court's May 27, 2023 order is vacated.

It is ordered that the parties share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EMANUELLA D. GROVES, JUDGE

LISA B. FORBES, P.J., and
MARY J. BOYLE, J., CONCUR