[Cite as *Johnston, Exr. v. Munger*, 2025-Ohio-3146.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JACQUELINE M. JOHNSTON,
EXECUTOR, ET AL.,              :

                              :

      Plaintiffs-Appellees,

                              :            No. 114638

      v.

                              :

DEBORAH MUNGER,

                              :

      Defendant-Appellant.

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** September 4, 2025

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-24-993737

---

### *Appearances:*

Harrington, Hoppe & Mitchell, Ltd., and Matthew M. Ries, *for appellees*.

Thomas M. Horwitz Co., LPA, and Thomas M. Horwitz, *for appellant*.

---

MICHAEL JOHN RYAN, P.J.:

{¶ 1} Defendant-appellant Deborah Munger ("appellant") appeals from the trial court's December 3, 2024 judgment vacating its November 25, 2024 entry dismissing the case with prejudice and setting the case for a hearing on plaintiffs-

appellees, Jacqueline Johnston, executor of the estate of John Mathews, Sr., and JJM Reggies Real Estate LLC's (collectively "appellees") motion to enforce the settlement agreement. After a thorough review of the facts and pertinent law, we affirm.

**Factual and Procedural History**

{¶ 2} In March 2024, appellees filed this action against appellant. A detailed recitation of the facts is not necessary for the disposition of this appeal; in summation, the case involves a dispute regarding ownership of appellee JJM Reggies Real Estate LLC.

{¶ 3} On November 22, 2024, the parties filed a "stipulation for dismissal with prejudice."[1] The stipulation provided that the "above-captioned matter is settled and dismissed with prejudice, each party to bear its own costs. The Court retains jurisdiction to enforce the settlement agreement between said parties." The stipulation also contained a signature line, with "IT IS SO ORDERED" language, for the trial court judge to sign. (Capitalization in original.) The trial court judge did not sign the parties' proposed order. Instead, on November 25, 2024, the trial court issued the following entry: "pursuant to the stipulation filed by the parties on November 22, 2024, case dismissed with prejudice. Court costs assessed as each their own."

---

[1] The court's docket indicates that it was filed by only appellant's counsel, but the stipulation is signed by counsel for all parties.

{¶ 4} Two days later, on November 27, appellees filed a motion to reopen the case and enforce the settlement agreement. On December 2, appellant filed a brief in opposition to appellees' motion and a motion to strike the filing; the trial court did not rule on appellant's motion to strike. On December 3, the trial court issued the following entry: "The court's 11/25/2024 journal entry . . . is hereby vacated as having been made in error when the court intended to adopt the stipulated dismissal filed by the parties on 11/22/2024 . . . . The case therefore remains pending on the court's active docket. Hearing set for 12/11/2024 . . . on [appellees'] motion to enforce settlement agreement . . . ." Appellant appealed from the trial court's December 3, 2024 judgment and presents the following three assignments of error for our review:

I. The trial court erred when it vacated without jurisdiction the November 25, 2024 dismissal with prejudice.

II. The trial court erred when it failed to grant appellant's motion to strike appellees' motion to reopen case.

III. In the alternative, the trial court erred when it set a hearing on the appellees' motion to enforce settlement agreement instead of denying it.

**Relevant Case Law**

{¶ 5} The central issue in this appeal is whether the trial court had jurisdiction to vacate its November 25, 2024 entry dismissing the case with prejudice; appellant contends it did not and appellees contend it did. There are three primary cases that we examine in deciding this issue: (1) *Infinite Sec. Solutions, L.L.C. v. Karam Properties, II*, 2015-Ohio-1101; (2) *State ex rel. Gideon*

*v. Page*, 2024-Ohio-4867; and (3) *Educare Med. Staffing, LLP v. Stabler*, 2024-Ohio-3295 (8th Dist.).

**Karam Properties**

{¶ 6}  In *Karam Properties*, the Supreme Court of Ohio considered  "a trial court's authority to retain jurisdiction when it dismisses a civil case to thereafter enforce a settlement agreement between the parties." *Id.* at ¶ 1.

{¶ 7}  *Karam Properties* involved two cases that were consolidated at the trial-court level; the cases revolved around claims that were filed as a result of a fire at an apartment complex in Toledo, Lucas County, Ohio.  At a pretrial settlement conference, the parties orally agreed to settle their claims for an agreed-upon sum. The parties advised the trial court that they had resolved all issues except how to divide the settlement funds.  They informed the court that they would attempt to resolve their issues regarding division of the settlement money, but they would submit the issue to the court if they were unable to agree.

{¶ 8}  The governing local rule allowed 30 days following settlement of a case to submit a dismissal entry before "'the judge may order the case dismissed for want of prosecution or file an order of settlement and dismissal and assess costs.'" *Id.* at ¶ 9, quoting Lucas Cty. Gen.R. 5.05(F).  One week after the parties had agreed to settle, the trial court sua sponte filed a dismissal entry, stating:  "Parties having represented to the court that their differences have been resolved, this case is dismissed without prejudice, with the parties reserving the right to file an entry of dismissal within thirty (30) days of this order."  *Id.*

{¶ 9} One of the parties filed a motion to set aside the dismissal entry pursuant to Civ.R. 60(B). The party contended that the dismissal was a mistake because "the settlement had not been finalized, no monies exchanged hands, no papers were exchanged or signed and the remaining outstanding issue of the priority/apportionment of the proceeds between [the parties] ha[d] not been resolved." *Id.* at ¶ 10. The party sought to have the trial court vacate the dismissal entry under Civ.R. 60(B)(1) and reopen the case to decide the priority issue.

{¶ 10} Another party opposed the motion, contending that the trial court lacked jurisdiction to decide the priority issue because it arose after the final settlement agreement and was the subject of a pending federal lawsuit. And yet another party filed a motion to enforce the settlement agreement and for an order permitting it to pay the agreed-upon settlement amount to the court.

{¶ 11} The trial court held a hearing on the Civ.R. 60(B) motion. The filing party contended that the trial court's dismissal without prejudice was a "placeholder entry, pending submission of whatever the final entry is." *Id.* at ¶ 11. The trial court ultimately denied both the Civ.R. 60(B) motion and the motion to enforce the settlement agreement as moot. The trial court reasoned that its dismissal was "conditional, that it retained jurisdiction to determine the priority issues without vacating the dismissal entry, and that [one of the parties'] claim to the settlement funds had priority." *Id.*

{¶ 12} The party who opposed the Civ.R. 60(B) motion appealed, contending that the court lacked jurisdiction over the matter after the trial court's dismissal of the case. The court of appeals agreed.

{¶ 13} On appeal to the Ohio Supreme Court, the Court noted that both the trial and appellate courts "focused on whether the trial court's dismissal was conditional or unconditional as the linchpin for determining whether the trial court retained jurisdiction to enforce the parties' settlement agreement." *Id.* at ¶ 20. The Court noted that although appellate courts have focused on conditional versus unconditional dismissals, there is no such provision in the Ohio Rules of Civil Procedure for a conditional dismissal. Further, the Court itself has "never expressly held that a court may 'conditionally' dismiss a case. Neither [has the Court] defined what 'conditional dismissal' means or under what circumstances such a dismissal is appropriate." *Id.* at ¶ 22. Thus, the *Karam Properties* Court "reject[ed] the notion of a 'conditional' dismissal and focus[ed] more precisely on the fundamental question of whether, and if so, how, a trial court may retain jurisdiction after a dismissal for purposes of enforcing a settlement agreement." *Id.*

{¶ 14} The *Karam Properties* Court reasoned

> that, as a general principle, a trial court may retain jurisdiction to enforce a settlement agreement when it dismisses a civil case. Retaining jurisdiction provides the most efficient means of enforcing the agreement. It keeps the matter in the court most familiar with the parties' claims, if not their settlement positions. And it keeps the parties from having to file another action. The question, then, is how retention of jurisdiction is achieved.

*Id.* at ¶ 25.

{¶ 15} In contemplating how retention of jurisdiction is effectuated, the Court noted that some Ohio appellate districts have held that a trial court's dismissal entry "need only allude or refer to a settlement" for the trial court to retain jurisdiction; the Court rejected this approach. *Id.* at ¶ 26. The *Karam Properties* Court cited the following cases as examples where the trial court only alluded to or referred to a trial court's retention of jurisdiction pursuant to a settlement agreement: *Henneke v. Glisson*, 2008-Ohio-6759, ¶ 8 (12th Dist.) (trial court's dismissal judgment stated "By agreement, case dismissed"); *Estate of Berger v. Riddle*, 1994 Ohio App. LEXIS 3623, *2 (8th Dist. Aug. 18, 1994) (trial court's dismissal judgment stated, "All claims and counterclaims in the above numbered cases [are] settled and dismissed with prejudice at defendants' costs"); and *Hines v. Zofko*, 1994 Ohio App. LEXIS 1320, *1 (11th Dist. Mar. 25, 1994) (trial court's dismissal judgment stated, "Case settled and dismissed"). The *Karam Properties* Court also cited *State ex rel. Spies v. Lent*, 2009-Ohio-3844, ¶ 47 (5th Dist.), which we recite the facts of below.

{¶ 16} In *State ex rel. Spies*, the State filed a complaint alleging nuisance and seeking injunctive relief against the owners of a bar. The parties entered into a settlement agreement, and the trial court's "judgment entry recites the terms of [the] agreement reached by the parties at that time[.]" *Id.* at ¶ 6. Indeed, the trial court's judgment read that "[i]t is, therefore, Ordered, Adjudged and Decreed, that the agreement of the parties shall be adopted and incorporated into the Order of the Court as if fully rewritten . . . ." *Id.* at ¶ 16. Under the settlement agreement, the

case would remain pending while the court monitored the parties' compliance with certain time-sensitive provisions of the agreement. Further, although the entry stated that all claims were settled, it also stated that the case was continued for a formal determination of the State's nuisance allegation.

{¶ 17} Later, the trial court entered a judgment ordering that the subject property be sold at sheriff's sale pursuant to the terms of the parties' settlement agreement. The State filed a motion for a final hearing, wherein it represented that all claims had been settled pursuant to the parties' settlement agreement. The trial court held a hearing and thereafter issued its final judgment dismissing the case.

{¶ 18} The appellate court found that the original dismissal "indicate[d] that the [trial] court intended to reserve jurisdiction to enforce the settlement agreement." *Id.* at ¶ 53.

{¶ 19} The *Karam Properties* Court disagreed with the respective courts of appeal in *Henneke*, *Estate of Berger*, *Hines*, and *State ex rel. Spies*, finding that "in order for a court to enforce a settlement agreement following a dismissal, the dismissal entry must either incorporate the settlement agreement or expressly state that the court retains jurisdiction to enforce the settlement." *Karam Properties*, 2015-Ohio-1101 at ¶ 26. The Court premised its finding on two long-standing principles of the law: (1) that courts speak through their journal entries and (2) the expectation of finality in legal proceedings. The Court provided as an example the following language in a trial court's judgment as being sufficient to retain

jurisdiction: "The court hereby retains jurisdiction to enforce the settlement agreement reached between the parties." *Id.* at ¶ 31.

{¶ 20} Thus, the *Karam Properties* Court found that the trial court in that case did not retain jurisdiction under the subject judgment, which provided as follows: "Parties having represented to the court that their differences have been resolved, this case is dismissed without prejudice, with the parties reserving the right to file an entry of dismissal within thirty (30) days of this order." *Id.* at ¶ 9.

{¶ 21} Further, because the trial court denied the motion of the party moving for relief under Civ.R. 60(B) as moot, the *Karam Properties* Court declined to address whether that relief was appropriate and, rather, remanded the case to the trial court for it to consider the issue first.

### State ex rel. Gideon

{¶ 22} In *State ex rel. Gideon*, 2024-Ohio-4867, a municipality filed an eminent-domain case against a property owner to obtain an easement on the owner's property to install a new sewer. The parties thereafter agreed to a settlement at a conference with a magistrate. The trial court issued a judgment directing the parties to submit an entry for the court's approval within 60 days or the court would consider dismissing the case. The parties failed to sign a settlement agreement or submit an entry. The trial court dismissed the case and directed the clerk to "terminate the case from the Court's active docket." *Id.* at ¶ 4. The court's dismissal entry also provided that the "parties may hereafter submit an amended entry reflecting the terms of the settlement and/or dismissal." *Id.*

{¶ 23} The municipality filed a motion to vacate the dismissal and enforce the settlement agreement. "The motion did not expressly invoke Civ.R. 60(B)." *Id.* at ¶ 5. The property owner opposed the motion, contending that the trial court lost jurisdiction over the case when it entered its dismissal entry. The trial court held a hearing, at which the municipality contended the court could vacate the dismissal under both Civ.R. 60(B) and its inherent authority. The trial court ultimately granted the municipality's motion in part, vacated the dismissal, and set the matter for a hearing to decide whether to enforce the settlement agreement.

{¶ 24} The property owner filed a writ of prohibition against the trial court judge with the appellate court. The judge and the municipality filed motions to dismiss, which the appellate court granted. On appeal to the Ohio Supreme Court, the property owner relied on *Karam Properties* in contending that the trial court did not have jurisdiction to consider the parties' settlement agreement. The *State ex rel. Gideon* Court distinguished *Karam Properties*, stating the following:

> *Karam*, however, is not applicable here, because the trial court in *Karam* had not vacated its dismissal entry before it attempted to enforce a settlement agreement. *See Karam* at ¶ 11. In *Karam*, we remanded the case to the trial court to consider whether the appellant was entitled to relief under Civ.R. 60(B). *Id.* at ¶ 33. In contrast, here, [the trial court judge], upon [the municipality's] motion, vacated her dismissal entry before attempting to enforce the settlement agreement. [The trial court judge] did not patently and unambiguously lack jurisdiction to do so.

*Id.* at ¶ 14.

{¶ 25} The *State ex rel. Gideon* Court reasoned that "[w]hen a common pleas court patently and unambiguously lacks jurisdiction over a case, 'it is almost always

because a statute explicitly removed that jurisdiction.'" *Id.* at ¶ 15, quoting *Ohio High School Athletic Assn. v. Ruehlman*, 2019-Ohio-2845, ¶ 9. The Court found that no statutes removed the trial court's jurisdiction in *State ex rel. Gideon*, so the trial court "unquestionably had subject-matter jurisdiction" over the case. *State ex rel. Gideon* at *id.*, citing *Schlegel v. Sweeney*, 2022-Ohio-3841, ¶ 12.

{¶ 26} Regarding relief under Civ.R. 60(B), the Court noted that the trial court did not sua sponte invoke the rule to vacate its dismissal; rather, the municipality filed a motion to vacate the dismissal. And the Court found that although the municipality's motion did not explicitly cite the basis on which it was seeking relief, the property owner failed to cite "authority requiring that motion explicitly state what authority it is being filed under before a court has jurisdiction to consider it." *Id.* at ¶ 16. The Court further added that at the hearing on the motion the municipality contended that the trial court vacated the dismissal under Civ.R. 60(B) or the court's inherent authority. The Ohio Supreme Court held that "[a]t a minimum, [the trial court] did not patently and unambiguously lack jurisdiction to consider [the municipality's] motion, and once [the court] did so, [it] did not patently and unambiguously lack jurisdiction to grant it." *Id.*

**Educare Med. Staffing**

{¶ 27} *Educare Med. Staffing*, 2024-Ohio-3295 (8th Dist.), is a case from this court wherein the panel vacated the trial court's judgment that considered the parties' respective motions to enforce their settlement agreement after the case had been dismissed with prejudice. The joint stipulation of dismissal stated that the trial

court was to retain jurisdiction over the case for the purpose of enforcing the settlement agreement, but the trial court's judgment of dismissal did not contain language retaining jurisdiction. Specifically, the trial court's entry stated that "[u]pon notice from the parties, effective as of 01/07/2022, all claims in this matter are hereby voluntarily dismissed with prejudice." *Id.* at ¶ 7. Citing *Karam Properties*, 2015-Ohio-1101, this court further found that "the entry did not incorporate the settlement agreement. Based on the foregoing, the trial court did not retain jurisdiction to enforce the settlement agreement." *Id.*

**Analysis**

{¶ 28} The trial court's November 25, 2024 dismissal judgment — "pursuant to the stipulation filed by the parties on November 22, 2024, case dismissed with prejudice. Court costs assessed as each their own" — was not the clear pronouncement of retention of jurisdiction that the Ohio Supreme Court set forth in *Karam Properties*, 2015-Ohio-1101. The issue for us to decide is whether it was sufficient for the trial court to retain jurisdiction.

{¶ 29} We first consider whether the trial court's judgment merely "alluded to or referred to" the court's retention of jurisdiction — an approach rejected by the *Karam Properties* Court. *Id.* at ¶ 26. In considering this issue, we compare the language the trial court used here to the language in these cases cited by the *Karam Properties* Court as merely alluding to or referring to jurisdiction.

{¶ 30} The *Karam Properties* Court's citation to *State ex rel. Spies*, 2009-Ohio-3844 (5th Dist.), as a case where the trial court only alluded to or referred to

the trial court's retention of jurisdiction is perplexing because there "[t]he court's judgment entry recite[d] the terms of an agreement reached by the parties at that time[,]" and the agreement provided for the court's continuing jurisdiction. *Id.* at ¶ 6. *State ex rel. Spies*, is not helpful, therefore, to our determination of whether the trial court here only alluded or referred to a settlement agreement.

{¶ 31} In *Henneke*, 2008-Ohio-6759 (12th Dist.), the trial court's judgment stated, "By agreement, case dismissed." *Id.* at ¶ 8. In *Estate of Berger*, 1994 Ohio App. LEXIS 3623 (8th Dist. Aug. 18, 1994), the trial court's judgment read, "All claims and counterclaims in the above-numbered cases [are] settled and dismissed with prejudice at defendants' costs." *Id.* at *2. And in *Hines*, 1994 Ohio App. LEXIS 1320 (11th Dist. Mar. 25, 1994), the trial court's judgment stated, "Case settled and dismissed." *Id.* at *1.

{¶ 32} *Henneke*, *Estate of Berger*, and *Hines* used the words "by agreement" or "settled" in dismissing the cases. Here, the trial court went further and stated that the case was dismissed "pursuant to the stipulation filed by the parties." The stipulation reserved the trial court's jurisdiction to enforce the parties' settlement agreement. We find this case distinguishable from *Henneke*, *Estate of Berger*, and *Hines*, and hold that the trial court here retained jurisdiction.

{¶ 33} Appellant contends that the trial court erred in vacating its judgment because appellees did not file a Civ.R. 60(B) motion for relief from judgment. In *State ex rel. Gideon*, 2024-Ohio-4867, the Supreme Court of Ohio distinguished that case from *Karam Properties*, noting that the trial court in *Karam Properties* did not

vacate its dismissal prior to attempting to enforce the parties' settlement agreement. In contrast, in *State ex rel. Gideon*, a motion was filed — not a Civ.R. 60(B) motion, but a motion to vacate the dismissal and enforce the settlement agreement — and the trial court vacated its dismissal and scheduled a hearing on the settlement agreement. Thus, on the authority of *State ex rel. Gideon*, the lack of a Civ.R. 60(B) motion was not fatal to the trial court's ability to vacate its dismissal.

{¶ 34} Finally, the dismissal judgment of the trial court in *Educare Med. Staffing*, 2024-Ohio-3295 (8th Dist.), was completely devoid of even a reference to a settlement agreement. Rather, the judgment merely stated that "upon notice from the parties . . . all claims in this matter are hereby voluntarily dismissed with prejudice." *Id.* at ¶ 7.

{¶ 35} In sum, we find that the trial court's language in its dismissal entry — "pursuant to the stipulation filed by the parties" — was sufficient to reserve the court's jurisdiction and a Civ.R. 60(B) motion was not the only means by which the court could vacate its dismissal entry. The first assignment of error is overruled. Appellant's second and third assignments of error relate to the trial court's alleged lack of jurisdiction, which we have found not to be the case; thus, the assignments of error are moot and we decline to consider them. *See* App.R. 12(A)(1)(c).

{¶ 36} Judgment affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHAEL JOHN RYAN, PRESIDING JUDGE

ANITA LASTER MAYS, J., and
KATHLEEN ANN KEOUGH, J., CONCUR