[Cite as *Semaj v. Savelli*, 2026-Ohio-1559.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| HELGA SEMAJ, | : | |
| Plaintiff-Appellant, | : | |
| | | No. 115531 |
| v. | : | |
| PHILLIP SAVELLI, | : | |
| Defendant-Appellee. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** April 30, 2026

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-22-962448

***Appearances:***

Rosenthal | Lane, L.L.C., Scott S. Rosenthal, and Alarra S. Jordan, *for appellant*.

LISA B. FORBES, P.J.:

{¶ 1} Helga Semaj ("Semaj") appeals from the trial court's journal entry denying her motion to enforce a settlement agreement. After a thorough review of the facts and the law, we reverse the trial court's decision and remand for further proceedings consistent with this opinion.

## I. Factual Background and Procedural History

{¶ 2}   This case arises from allegations that Phillip Savelli ("Savelli") killed Semaj's dog.  On April 25, 2022, Semaj, individually and on behalf of her two minor children, filed a complaint against Savelli in the Cuyahoga County Court of Common Pleas, claiming intentional infliction of emotional distress.

{¶ 3}   The court held a hearing on April 25, 2025, to address Semaj's motion for sanctions based upon Savelli's failure to comply with various court orders.  The court noted that Savelli had, without showing good cause, failed to respond to discovery requests or attend a deposition.  The court found that Savelli "evidenced a pattern of lack of engagement in this litigation and continually violated the court's order[s]."  The court announced that "plaintiffs are entitled to default judgment in their favor and against defendant."  The parties agreed to a damages hearing to be held on a later date.

{¶ 4}   On August 3, 2023, this matter again came before the court for a hearing on damages.  Both parties were present and represented by counsel.  The court stated, "[I]t's my understanding that the defendants and the plaintiffs have now reached an agreement," the terms of which the court read aloud into the record.  Per the agreement, Savelli agreed to pay a monetary sum to Semaj and to transfer title of two properties to Semaj.  Semaj agreed to release all claims against Savelli arising from the death of her dog.

{¶ 5}   Still reading the settlement's terms, court continued:

Each [party] fully understands all of the terms herein set forth and that all of these said terms represent and constitute the entire

understanding between them . . . . Each [party] does voluntarily execute this agreement and affix his or her signature thereto. The court . . . shall retain jurisdiction to enforce the parties' settlement agreement.

{¶ 6} The court asked Semaj and Savelli whether they had read and understood the terms of the agreement. Both parties indicated that they had.

{¶ 7} The court issued a journal entry on August 8, 2023, stating:

Damages hearing called 08/03/23. All parties present. Court reporter present. Parties agreed to a settlement. Case dismissed with prejudice. Final. Notice issued. Court cost assessed as each their own. Notice issued.

{¶ 8} On October 5, 2023, Semaj filed a motion to enforce the settlement agreement pertaining to Savelli's payment obligations. On October 24, 2023, the court issued the following journal entry:

Hearing on plaintiff's motion to enforce settlement agreement and motion for attorney's fees called 10/24/23 . . . . The parties entered into an agreement to resolve plaintiff's pending motions. Pursuant to the parties' agreement, defendant shall pay the total sum of $6,000 to plaintiff and/or plaintiff's counsel within 72 [hours] of this order (no later than 10/27/23) . . . . Plaintiff shall file a notice of compliance upon receipt of payment from defendant.

{¶ 9} On October 26, 2023, Semaj's counsel filed a notice of compliance, providing that Savelli "complied with this Court's Journal Entry of dated [sic] October 25, 2023."

{¶ 10} On August 14, 2024, Semaj filed a second motion to enforce the settlement agreement, regarding Savelli's obligation to transfer title of the properties addressed therein. On August 6, 2025, the court issued a journal entry stating:

Before the court for consideration are multiple pending motions mainly concerning the judgment entry issued [08/08/2023] from the hearing [08/03/2023.] . . . . Specifically, the entry does not attach or contain the terms of the settlement, nor does the language retain jurisdiction to enforce the parties' settlement agreement . . . . Due to the court's lack of jurisdiction to address or enforce the settlement agreement, plaintiffs' motion to enforce settlement agreement, filed 08/14/2024, is denied.

{¶ 11} From this entry, Semaj appealed, raising the following assignment of error:

The trial court erred in determining it lacked jurisdiction to address or enforce the settlement agreement.

## II. Law and Analysis

{¶ 12} In support of her sole assignment of error, Semaj argues that the parties expressly agreed that the court would retain jurisdiction to enforce the settlement agreement. We agree.

{¶ 13} A trial court may retain jurisdiction to enforce a settlement agreement. *Educare Med. Staffing, L.L.P. v. Stabler*, 2024-Ohio-3295, ¶ 6 (8th Dist.), citing *Infinite Sec. Solutions, L.L.C. v. Karam Properties II*, 2015-Ohio-1101, ¶ 25. "To retain jurisdiction 'the dismissal entry must either incorporate the settlement agreement or expressly state that the court retains jurisdiction to enforce the settlement.'" *Id.*, quoting *id.* at ¶ 26.

{¶ 14} At the August 3, 2023 hearing, with the assent of both parties, the court announced the terms of the parties' settlement, including that it would retain

jurisdiction to enforce the settlement's terms.[1] However, the August 8, 2023 journal entry stated that the "[p]arties agreed to a settlement" and that the case was "dismissed with prejudice." The journal entry did not incorporate the terms of the settlement agreement or address whether the court had ongoing jurisdiction to enforce such. Accordingly, we find that the journal entry did not accurately reflect what had occurred in open court.

{¶ 15} A court may conform its journal entries to actions taken at hearing by issuing a nunc pro tunc order. As we have explained previously:

> "'A nunc pro tunc order may be issued by a trial court . . . to make its record speak the truth. It is used to record that which the trial court did, but which has not been recorded. It is an order issued now, which has the same legal force and effect as if it had been issued at an earlier time, when it ought to have been issued. Thus . . . a nunc pro tunc order is limited to memorializing what the trial court actually did at an earlier point in time. It can be used to supply information which existed but was not recorded, to correct mathematical calculations, and to correct typographical or clerical errors.
>
> A nunc pro tunc order cannot be used to supply omitted action, or to indicate what the court might or should have decided, or what the trial court intended to decide. Its proper use is limited to what the trial court actually did decide.'"

*Vo v. Gorski*, 2021-Ohio-1957, ¶ 32 (8th Dist.), quoting *Alden v. FirstEnergy Corp.*, 2014-Ohio-3235, ¶ 10 (8th Dist.), quoting *Scaglione v. Saridakis*, 2009-Ohio-4702, ¶ 9 (8th Dist.).

---

[1] The court later acted consistently with its hearing statements regarding continuing jurisdiction over this matter when it granted Semaj's first motion to enforce the settlement.

{¶ 16} We find that a nunc pro tunc order is appropriate here to conform the court's August 8, 2023 journal entry to the actions that the court took during the August 3, 2023 hearing. Consequently, we remand this matter to the trial court to issue a nunc pro tunc entry to accurately reflect that, at the August 3, 2023 hearing, this court accepted continuing jurisdiction to enforce the parties' settlement agreement. In light of the foregoing, the trial court's August 6, 2025 journal entry finding that it lacked jurisdiction to consider Semaj's second motion to enforce the settlement agreement is reversed.

{¶ 17} Accordingly, Semaj's assignment of error is sustained.

{¶ 18} Judgment reversed. Case remanded for further proceedings consistent with this opinion.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LISA B. FORBES, PRESIDING JUDGE

EMANUELLA D. GROVES, J., and
ANITA LASTER MAYS, J., CONCUR